UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 97-00312

In re: DAVIS,

Movant.

_____

**Motion to reopen and reconsider original motion
for leave, pursuant to 28 U.S.C. § 2244(b),
to file a successive application for writ of habeas corpus
in the United States District Court
for the Western District of Texas**
_____

**August 27, 1997**

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The State of Texas has scheduled the execution of James Carl Lee Davis for 9 September 1997. Pursuant to 28 U.S.C. § 2244(b)(3), Davis seeks leave to file a successive habeas application in the district court, in order to assert a claim that, under *Ford v. Wainwright*, 477 U.S. 399, 409-10 (1986) ("Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane"), he is incompetent to be executed. We **DENY** the motion.

I.

In 1985, Davis was convicted of capital murder and sentenced to death. *See Davis v. Scott*, 51 F.3d 457, 459 (5th Cir. 1995). The Texas Court of Criminal Appeals affirmed the conviction and sentence, *Davis v. State*, 782 S.W.2d 211 (Tex. Crim. App. 1989);

- 1 -

and the United States Supreme Court denied certiorari. ***Davis v. Texas***, 495 U.S. 940 (1990). Davis' application for state habeas relief was denied. *See* ***Davis***, 51 F.3d at 459. Davis sought federal habeas relief in 1992, and the district court granted it. Our court reversed, ***Davis v. Scott***, 51 F.3d 457 (5th Cir. 1995); and the Supreme Court denied certiorari. ***Davis v. Scott***, ___ U.S. ___, 116 S. Ct. 525 (1995).

In December 1995, Davis filed in the state trial court a motion for a competency hearing and appointment of a psychiatric expert to determine his competency, and a motion to declare unconstitutional TEX. CODE CRIM. P. art. 11.071 (requirements for consideration of successive state habeas applications). The trial court forwarded the motions to the Texas Court of Criminal Appeals; in December 1996, that court rejected the constitutional challenge and found that Davis did not meet the prerequisites for filing a successive state habeas application. ***Ex parte Davis***, 947 S.W.2d 216 (Tex. Crim. App. 1996). The Court of Criminal Appeals did not address Davis' motion for a competency hearing and for appointment of a psychiatric expert. Davis did not seek Supreme Court review.

In June 1997, Davis moved, pursuant to 28 U.S.C. § 2244(b), for permission to file a successive federal habeas application, asserting that, under ***Ford v. Wainwright***, he is incompetent to be executed. Our court denied the motion without prejudice as premature, because Davis' execution had not been scheduled. The instant motion for reconsideration was filed after execution was scheduled for 9 September.

II.

It goes without saying that, although Davis' **Ford** claim has not been raised before in district court, he seeks leave to present it in a second federal habeas application. Pursuant to the amendments to the habeas statutes resulting from the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas applicant must obtain an order from a court of appeals authorizing the district court to consider such a second or successive application. 28 U.S.C. § 2244(b)(3)(A). And, we may authorize the filing of such an application "only if [we] determine[] that [it] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) and (2)]". 28 U.S.C. § 2244(b)(3)(C).

Pursuant to § 2244(b)(1), "[a] *claim* presented in a second or successive habeas ... application under section 2254 that *was presented* in a prior application shall be dismissed." (Emphasis added.) Again, this **Ford** claim was not presented in a prior application.

New claims, such as the one in issue, presented in a second or successive federal application by state prisoners are addressed by § 2244(b)(2). It provides:

> (2) A *claim* presented in a second or successive habeas ... application under section 2254 that *was not presented in a prior application* shall be dismissed *unless*--
>
> > (A) the applicant shows that the claim relies on a *new* rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

- 3 -

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder *would have found the applicant guilty of the underlying offense*.

(Emphasis added.)

Only two circuits appear to have considered the applicability of § 2244(b) to **Ford** claims. In **In re Medina**, 109 F.3d 1556 (11th Cir. 1997), the Eleventh Circuit denied leave to file a second habeas application, explaining that the movant could not satisfy § 2244(b)(2)(A), because **Ford** is *not a new rule* of constitutional law, and that he could not satisfy § 2244(b)(2)(B), because the factual predicate for the claim had *nothing to do with his guilt or innocence* of the underlying offense. ***Id***. at 1564-65. The court decided that, "although the provisions of § 2244(b), as amended, operate to foreclose review of competency to be executed claims in second habeas applications, federal court consideration of such claims is not entirely foreclosed": the provisions of § 2244(b) do not restrict the Supreme Court's original habeas authority to consider competency claims, *see* **Felker v. Turpin**, ___ U.S. ___, 116 S. Ct. 2333 (1996); and federal review may also be obtained through certiorari review of the state court competency proceedings. 109 F.3d at 1564.

- 4 -

In ***Martinez-Villareal v. Stewart***, ___ F.3d ___, 1997 WL 351258 (9th Cir. June 23, 1997), the movant had presented a ***Ford*** claim in his *first* habeas application.  The district court had dismissed the claim without prejudice as premature, but granted relief on other grounds.  The Ninth Circuit had reversed the grant of relief; and, on remand, Martinez-Villareal had moved to reopen the first habeas proceeding.  The district court held that, under AEDPA, it did not have jurisdiction to entertain the ***Ford*** claim.  The Ninth Circuit reversed, holding that the movant's ***Ford*** claim was not subject to the restrictions imposed by § 2244(b).

The Ninth Circuit noted that a ***Ford*** claim will always be premature if asserted in a *first* habeas application, either because no execution date has been scheduled, or because of the automatic stay provision applicable, under certain circumstances, to first habeas applications, *see* 28 U.S.C. § 2262.  The court explained that a ***Ford*** claim cannot be raised in a successive habeas application:  if the claim *was raised* in a previous application, § 2244(b)(1) requires dismissal; and if the claim is to be raised for the first time in a second application, as here, the movant cannot make the required prima facie showing under either subpart (b)(2)(A), because the rule of constitutional law upon which the claim is based was announced in ***Ford*** in 1986 and is therefore not "new", or under subpart (b)(2)(B), because the factual predicate for the claim does not establish guilt or innocence of the underlying offense.  Postulating, pursuant to ***Felker***, that the Supreme Court would consider itself bound by the restrictions of

- 5 -

subparts (b)(2)(A) and (B), the court concluded that § 2244(b) presented a "serious constitutional problem" because a state prisoner's **Ford** claim could never be heard by any federal court. 1997 WL 351258, at *3-*4.

To avoid this perceived constitutional problem, the Ninth Circuit decided that § 2244 does not apply to a **Ford** claim that has been dismissed as premature in a *first* habeas application.  Under the Ninth Circuit's "narrow" holding,

> a competency claim must be raised in a first habeas petition, whereupon it also must be dismissed as premature due to the automatic stay that issues when a first petition is filed.  Once the state issues a second warrant of execution and the state court considers the now-ripe competency claim, a federal court may hear that claim—and only that claim—because it was originally dismissed as premature and therefore falls outside of the rubric of "second or successive" petitions.

1997 WL 351258, at *6.

Were we to adopt the rule of **Martinez**, it would not help Davis.  Unlike the movant there, whose **Ford** claim was presented in his *first* federal habeas application and dismissed as premature, Davis did not present a **Ford** claim in his first federal application.  Instead, as discussed *supra*, he seeks to present his **Ford** claim for the first time in a second habeas application. Likewise, because this is a second application, Davis would not be helped even were we to extend **In re Gasery**, 116 F.3d 1051 (5th Cir. 1997) (habeas application refiled after dismissal without prejudice for failure to exhaust state remedies is neither second nor successive), to **Ford** claims sought to be reasserted after dismissal

- 6 -

without prejudice as premature when presented in a *first*, not—as here—second, habeas application.

A.

Before addressing Davis' contentions, we turn to the State's assertion that a **Ford** claim does not state a basis for federal habeas relief because it does not seek to invalidate the conviction or sentence, and the relief sought — an indefinite stay of execution — is not available in a habeas proceeding. The language of § 2254(a) seems to support this position:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution of laws or treaties of the United States.*

(Emphasis added.)

As the State correctly notes, a **Ford** claim (incompetency to be executed) does not invalidate the conviction or sentence, and Davis would not be entitled to be released from custody even if he were found incompetent in this regard. Instead, "the only question raised is not *whether*, but *when*, his execution may take place." **Ford,** 477 U.S. at 425 (Powell, J., concurring) (emphasis in original).

Nevertheless, we must reject this contention. Section 2254(a) was not amended by AEDPA. **Ford** is a habeas case, and our court has considered **Ford** claims in habeas proceedings. *See* **Fearance v. Scott**, 56 F.3d 633, 640 (5th Cir.) (pre-AEDPA case rejecting **Ford** claim on the merits), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2603

- 7 -

(1995); **Barnard v. Collins**, 13 F.3d 871 (5th Cir.) (pre-AEDPA case denying certificate of probable cause as to **Ford** claim), *cert. denied*, 510 U.S. 1102 (1994).

B.

Accordingly, we turn to Davis' contentions. Both **Fearance** and **Barnard** noted that no federal case had denied relief on a **Ford** claim on grounds of abuse of the writ; but, as noted, both were pre-AEDPA cases. In short, the gatekeeping provisions of § 2244(b) were not applicable. *See* **Fearance**, 56 F.3d at 640; **Barnard**, 13 F.3d at 878.

1.

Davis concedes that he cannot satisfy § 2244(b)(2)(B) (concerning guilt), but contends that subpart (b)(2)(A) can be interpreted to permit consideration of his **Ford** claim in a successive habeas application. Again, that subpart requires showing "that the claim relies on a *new* rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable". (Emphasis added.)

Davis maintains that **Ford** applies retroactively and is "solely applicable" to cases involving death penalty defendants whose mental states prevent an understanding of the nature and consequences of the pending execution. He asserts that, therefore, **Ford** is a "new rule of constitutional law" because it is applicable for the "first time" only when both the execution date is imminent and the petitioner is incompetent. He states also that **Ford** was "previously unavailable" to him because a **Ford** claim is premature

- 8 -

until both an execution date is set and the applicant is incompetent.

Davis' proposed interpretation is at odds with the plain language of subpart (b)(2)(A). Needless to say, the 1986 decision in **Ford** is not a *new* rule of constitutional law. The legal basis of Davis' claim has been available since at least 1986; it is only the factual basis of the claim that was previously unavailable. Accordingly, Davis cannot satisfy the criteria of § 2244(b)(2)(A).

2.

Davis maintains that we should interpret § 2244(b) in the light of the fact that its purpose is to prevent abuse of the writ in federal habeas cases. He asserts that his **Ford** claim does not constitute such an abuse, because he could not have raised the claim previously, inasmuch as it was unavailable until he was both incompetent and his execution scheduled. Accordingly, he contends that **Medina** is distinguishable because the movant failed to present his **Ford** claim at the first available opportunity. Although we agree that § 2244(b) is designed to prevent abuse of the writ, and will assume that Davis is seeking to assert his **Ford** claim at the first properly available opportunity, we cannot disregard the plain wording of § 2244(b) in order to create such an equitable exception.

3.

Anticipating our holding, discussed *supra*, that his **Ford** claim does not satisfy the criteria of § 2244(b)(2)(A), Davis contends alternatively that § 2244(b) is unconstitutional, because it

precludes consideration by a federal court of a mature *Ford* claim presented for the first time. *See* U.S. CONST., Art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"). We disagree, for the reasons stated by the Eleventh Circuit in *Medina*, 109 F.3d at 1564.

Assuming *arguendo* that *Ford* guarantees a federal court determination of a competency-to-be-executed claim, the relevant provisions of AEDPA do not foreclose such review. A federal court determination of the issue can be sought through Supreme Court review of the state court competency proceedings. As noted, the state court's opinion did not address Davis' motion for a competency hearing; Davis chose not to seek such review of that decision. Alternatively, the claim can be raised in an original habeas application to the Supreme Court.

III.

For the foregoing reasons, leave to file a successive habeas application is

*DENIED.*