**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TUAN ANH NGUYEN,

      Petitioner-Appellant,

v.

GARY L. GIBSON, Warden of the
Oklahoma State Penitentiary,

      Respondent-Appellee.

No. 98-5237

---

**AMENDED ORDER**
Filed December 4, 1998

---

Before **BALDOCK** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

On November 18, 1998, petitioner filed with the district court an

application for federal habeas relief, see 28 U.S.C. § 2254, alleging that he is

incompetent to be executed. See Ford v. Wainwright , 477 U.S. 399 (1986).

Petitioner also requested a stay of his execution, which is scheduled for December

10, 1998. In light of the denial of a previous application for habeas relief, see

Nguyen v. Reynolds , 131 F.3d 1340 (10th Cir. 1997), cert. denied , 119 S. Ct. 128

(1998), the district court, on November 25, 1998, transferred this matter to this

court for a determination of whether petitioner should be authorized to file a second or successive habeas application under 28 U.S.C. § 2244(b)(3)(A). See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (citing 28 U.S.C. § 1631).

We have reviewed petitioner's habeas application, with the attached materials, the government's response, and petitioner's objections to the transfer of this action. We deny the government's request that we not consider petitioner's objections.

The issue presented by this case, at the outset, is whether petitioner's Ford claim should be treated as a second or successive federal habeas application. Petitioner asserts that, in light of the Supreme Court's decision in Stewart v. Martinez-Villareal, 118 S. Ct. 1618 (1998), it should not be treated as such. Martinez-Villareal, however, is distinguishable.

In that case, the petitioner challenged his competency to be executed in his first federal habeas application considered on the merits. See id. at 1620. The district court dismissed this Ford claim as premature. See id. The Supreme Court held that the petitioner's subsequent reassertion of his Ford claim would not be treated as a second or successive habeas application, see id. at 1621-22, because in fact "[t]here was only one application for habeas relief, and the District Court . . . should have ruled[] on each claim at the time it became ripe," id. at

-2-

1621. The Supreme Court, in _Martinez-Villareal_, specifically did not address the issue presented here--whether a federal habeas court should treat a _Ford_ claim, asserted for the first time after a previous denial of federal habeas relief, as a second or successive habeas application. _See_ _id._ at 1622 n.*; _see also_ _In re Davis_, 121 F.3d 952, 955 (5th Cir. 1997) (distinguishing _Martinez-Villareal_ in circumstances similar to this case).

In this case, the record reflects that on May 4, 1994, the Oklahoma Court of Criminal Appeals ordered a July 19, 1994 execution date. Petitioner filed his first § 2254 action and application for stay of execution on July 15, 1994, without making any reference to a _Ford_ claim, despite the fact that all of the operative facts were known at the time he filed his first petition. The district court stayed the execution that same day.

Under these circumstances, we agree with both the Fifth and Eleventh Circuits that petitioner's subsequently filed _Ford_ claim should be treated as a "second or successive" habeas application. _See_ _In re Davis_, 121 F.3d at 953; _In re Medina_, 109 F.3d 1556, 1561, 1563-64 (11th Cir. 1997); _cf._ Ceja v. Stewart, 134 F.3d 1368, 1369 (9th Cir. 1998) (AEDPA required petitioner to obtain permission to file second or successive habeas petition to assert claims challenging manner of execution and length of confinement on death row, where federal courts had previously denied habeas relief). Petitioner, therefore, must

obtain this court's authorization under § 2244(b) to file this habeas claim in district court. We reiterate that this case does not present a situation where the grounds supporting the Ford claim first came to light after the filing of the initial application.

Section 2244(b) permits this court to authorize a habeas applicant to file a habeas claim, for the first time, in a second or successive habeas application, only if that claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or based upon a "factual predicate" that "could not have been discovered previously" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A) & (B). Because the Supreme Court decided Ford in 1986, and because petitioner's Ford claim either does not challenge the validity of the underlying capital conviction or does not rest upon evidence that could not have been discovered previously, petitioner cannot meet § 2244(b)(2)'s requirements for filing a second or successive habeas application. See In re Davis , 121 F.3d at 955-56; In re Medina , 109 F.3d at 1564-65.

Petitioner argues that precluding him from asserting his Ford claim in this second or successive habeas application amounts to an unconstitutional

-4-

suspension of the writ of habeas corpus. Our holding, however, does not preclude federal consideration of his Ford claim and, therefore, does not suspend the writ. Petitioner may still obtain federal review by the United States Supreme Court, either through review of a state court's determination of his competency, or through an original habeas proceeding filed with the Court. See In re Davis, 121 F.3d at 956; In re Medina, 109 F.3d at 1564. Further, although the warden has not acted under Oklahoma law to initiate a competency determination, see Okla. Stat. Ann. tit. 22, § 1005, petitioner may have available other judicial remedies.

We, therefore, must DENY petitioner's request for leave to file a second or subsequent federal habeas application, see 28 U.S.C. § 2244(b)(3), and DENY petitioner's request for an emergency stay of execution.

<div style="margin-left: 50%;">

Entered for the Court
PATRICK FISHER, Clerk


By:
    Opal Carter
    Deputy Clerk

</div>

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TUAN ANH NGUYEN,

        Petitioner-Appellant,

v.

GARY L. GIBSON, Warden of the
Oklahoma State Penitentiary,

        Respondent-Appellee.

No. 98-5237

**ORDER**
Filed December 4, 1998

Before **BALDOCK** , **KELLY** , and **BRISCOE** , Circuit Judges.

On November 18, 1998, petitioner filed with the district court an application for federal habeas relief, see 28 U.S.C. § 2254, alleging that he is incompetent to be executed. See Ford v. Wainwright , 477 U.S. 399 (1986). Petitioner also requested a stay of his execution, which is scheduled for December 10, 1998. In light of the denial of a previous application for habeas relief, see Nguyen v. Reynolds , 131 F.3d 1340 (10th Cir. 1997), cert. denied , 119 S. Ct. 128 (1998), the district court, on November 25, 1998, transferred this matter to this

court for a determination of whether petitioner should be authorized to file a second or successive habeas application under 28 U.S.C. § 2244(b)(3)(A). See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (citing 28 U.S.C. § 1631).

We have reviewed petitioner's habeas application, with the attached materials, the government's response, and petitioner's objections to the transfer of this action. We deny the government's request that we not consider petitioner's objections.

The issue presented by this case, at the outset, is whether petitioner's Ford claim should be treated as a second or successive federal habeas application. Petitioner asserts that, in light of the Supreme Court's decision in Stewart v. Martinez-Villareal, 118 S. Ct. 1618 (1998), it should not be treated as such. Martinez-Villareal, however, is distinguishable.

In that case, the petitioner challenged his competency to be executed in his first federal habeas application considered on the merits. See id. at 1620. The district court dismissed this Ford claim as premature. See id. The Supreme Court held that the petitioner's subsequent reassertion of his Ford claim would not be treated as a second or successive habeas application, see id. at 1621-22, because in fact "[t]here was only one application for habeas relief, and the District Court . . . should have ruled[] on each claim at the time it became ripe," id. at

-2-

1621. The Supreme Court, in Martinez-Villareal, specifically did not address the issue presented here--whether a federal habeas court should treat a Ford claim, asserted for the first time after a previous denial of federal habeas relief, as a second or successive habeas application. See id. at 1622 n.*; see also In re Davis, 121 F.3d 952, 955 (5th Cir. 1997) (distinguishing Martinez-Villareal in circumstances similar to this case).

In this case, the record reflects that on May 4, 1994, the Oklahoma Court of Criminal Appeals ordered a July 19, 1994 execution date. Petitioner filed his first § 2254 action and application for stay of execution on July 15, 1994, without making any reference to a Ford claim, despite the fact that all of the operative facts were known at the time he filed his first petition. The district court stayed the execution that same day.

Under these circumstances, we agree with both the Fifth and Eleventh Circuits that petitioner's subsequently filed Ford claim should be treated as a "second or successive" habeas application. See In re Davis, 121 F.3d at 953; In re Medina, 109 F.3d 1556, 1561, 1563-64 (11th Cir. 1997); cf. Ceja v. Stewart, 134 F.3d 1368, 1369 (9th Cir. 1998) (AEDPA required petitioner to obtain permission to file second or successive habeas petition to assert claims challenging manner of execution and length of confinement on death row, where federal courts had previously denied habeas relief). Petitioner, therefore, must

obtain this court's authorization under § 2244(b) to file this habeas claim in district court. We reiterate that this case does not present a situation where the grounds supporting the Ford claim first came to light after the filing of the initial application.

Section 2244(b) permits this court to authorize a habeas applicant to file a habeas claim, for the first time, in a second or successive habeas application, only if that claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or based upon a "factual predicate" that "could not have been discovered previously" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A) & (B). Because the Supreme Court decided Ford in 1986, and because petitioner's Ford claim does not challenge the validity of the underlying capital conviction, petitioner cannot meet § 2244(b)(2)'s requirements for filing a second or successive habeas application. See In re Davis, 121 F.3d at 955-56; In re Medina, 109 F.3d at 1564-65.

Petitioner argues that precluding him from asserting his Ford claim in this second or successive habeas application amounts to an unconstitutional suspension of the writ of habeas corpus. Our holding, however, does not preclude

-4-

federal consideration of his <u>Ford</u> claim and, therefore, does not suspend the writ. Petitioner may still obtain federal review by the United States Supreme Court, either through review of a state court's determination of his competency, or through an original habeas proceeding filed with the Court. <u>See</u> <u>In re Davis</u>, 121 F.3d at 956; <u>In re Medina</u>, 109 F.3d at 1564. Further, although the warden has not acted under Oklahoma law to initiate a competency determination, <u>see</u> Okla. Stat. Ann. tit. 22, § 1005, petitioner may have available other judicial remedies.

We, therefore, must DENY petitioner's request for leave to file a second or subsequent federal habeas application, <u>see</u> 28 U.S.C. § 2244(b)(3), and DENY petitioner's request for an emergency stay of execution.

Entered for the Court
PATRICK FISHER, Clerk


By:
    Opal Carter
    Deputy Clerk

-5-

No. 98-5237,  Nguyen v. Gibson

Briscoe, Circuit Judge, dissenting:

I respectfully dissent.  Because I conclude Nguyen's current application for habeas relief, which asserts a claim of incompetency to be executed, is not a "second or successive" application for purposes of 28 U.S.C. § 2244(b), I would allow Nguyen to proceed on his application in the district court without authorization from this court.

In Ford v. Wainwright, 477 U.S. 399, 409-10 (1986), the Supreme Court held the Eighth Amendment prohibits a state from executing a prisoner who is insane.  When a prisoner asserts a competency-to-be-executed claim (i.e., a Ford claim), a reviewing court can properly consider it only when the prisoner's execution is "imminent."  Stewart v. Martinez-Villareal, 118 S.Ct. 1618, 1622 (1998) (Martinez-Villareal II).  If execution is not imminent, such a claim is typically dismissed on ripeness grounds.  See id. at 1620.

Prior to enactment of the AEDPA and its accompanying amendments to 28 U.S.C. § 2244, a state prisoner facing a sentence of death was typically allowed to file two applications for federal habeas relief.  In the first application, the prisoner would attack the constitutionality of his conviction and/or sentence.  After resolution of that application and subsequent establishment by the state of an execution date, the prisoner could assert a ripe Ford claim.  Although the then-existing provisions of § 2244 contained certain restrictions on second or

successive habeas applications, the prisoner's Ford claim was typically allowed to proceed under the "ends of justice" exception set forth in § 2244(b). See Martinez-Villareal v. Stewart, 118 F.3d 628, 635 (9th Cir. 1997) (Nelson, J., concurring) (Martinez-Villareal I); Fearance v. Scott, 56 F.3d 633, 640 (5th Cir. 1995).

With the enactment of the AEDPA came new, tougher restrictions on what Congress termed "second or successive" habeas applications. Under these restrictions, a prisoner is prohibited from filing a "second or successive" habeas application unless he or she can satisfy one of two new "gateways" created by Congress. See 28 U.S.C. § 2244(b)(2)(A) & (B) (prisoner must demonstrate either reliance on new rule of constitutional law or discovery of facts that would demonstrate he or she would not have been found guilty).

The problem with the AEDPA's new restrictions is they create a serious dilemma for prisoners seeking to pursue Ford claims. Because the filing of a federal habeas application typically stays any scheduled execution, and because a Ford claim does not ripen until execution is imminent, a Ford claim will rarely, if ever, be resolved in a first federal habeas application filed by a prisoner. See Martinez-Villareal I, 118 F.3d at 630. Thus, a Ford claim asserted in a first federal habeas application will inevitably be dismissed as premature. However,

neither of the two new "gateways" set forth in the AEDPA for obtaining review of a "second or successive" petition applies to Ford claims.

In May of this year, the Supreme Court provided a partial solution to this dilemma in Martinez-Villareal II.  The Court held when a prisoner asserts a Ford claim and the claim is dismissed as premature, the prisoner may reassert that claim at a later date without being subject to the restrictions on "second or successive" applications for habeas relief established by the AEDPA. Unfortunately, the Supreme Court in Martinez-Villareal II acknowledged, but chose not to address, the question we face here, i.e., whether the AEDPA's restrictions on "second or successive" applications apply "where a prisoner raises a Ford claim for the first time in a petition filed after the federal courts have already rejected the prisoner's initial habeas application."  118 S. Ct. at 1622 n.*.

To answer the question, it is helpful to first review the procedural history of Nguyen's efforts at seeking federal habeas relief.  Nguyen's first federal habeas petition was filed on July 15, 1994, approximately twenty-one months prior to enactment of the AEDPA.  Although it is apparent from that petition that Nguyen's counsel was concerned about Nguyen's mental health, the petition did not specifically assert a Ford claim.  Presumably, in light of the then-existing rules of procedure for federal habeas petitions, Nguyen's counsel envisioned raising a Ford claim at a later date (i.e., after the initial habeas application was

-3-

resolved and the State of Oklahoma had established a new execution date), and was not concerned about the possibility of being barred from fully litigating such a claim. At the time the AEDPA was enacted (April 24, 1996), Nguyen's federal habeas petition was still pending in the district court. Although Nguyen arguably could have moved to amend the petition to include a Ford claim, it is apparent two roadblocks existed. First, the Ford claim remained unripe since the original execution had been stayed and no new execution date had been set. Second, Nguyen may have feared that amending his petition to include a Ford claim would result in dismissal of his entire petition on exhaustion grounds since the Ford claim had not been presented to the Oklahoma state courts. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (district court must dismiss habeas petitions containing both exhausted and unexhausted claims). In any event, Nguyen did not amend his petition to include a Ford claim, and the district court entered judgment against Nguyen on his other claims on October 28, 1996. We affirmed the district court's judgment approximately one year later. Nguyen v. Reynolds, 131 F.3d 1340 (10th Cir. 1997), cert. denied, 119 S.Ct. 128 (1998).

Although Nguyen's current application for habeas relief is, if viewed literally, a "second" application for relief, I am not convinced it should be deemed as such for purposes of applying the AEDPA's new restrictions. The Supreme Court has described the AEDPA's new restrictions as "a modified res

-4-

judicata rule." Felker v. Turpin, 518 U.S. 651, 664 (1996). In situations where a prisoner seeks to challenge only the legality of his conviction or sentence, application of this "modified res judicata rule" makes perfect sense. In such situations, the federal courts can fully adjudicate all such claims at one time, and should not be required to entertain successive attacks of this type (unless, of course, the prisoner can satisfy one of the two new "gateways"). Where, however, a prisoner seeks to pursue a Ford claim, the federal courts typically cannot resolve the claim in the initial habeas application, and instead must wait until after the prisoner's attacks on the legality of his conviction and sentence are fully resolved and an execution warrant has been issued. In such situations, application of the AEDPA's "modified res judicata rule" makes little sense. Indeed, preventing prisoners like Nguyen from asserting Ford claims does nothing to prevent the "abuse of the writ" about which Congress was apparently concerned when it enacted the AEDPA. Moreover, there appears to be little practical difference between the situation at issue in Martinez-Villareal II, where the prisoner reasserted a Ford claim after having his initial attempt dismissed as premature, and the situation here, where the prisoner asserts his Ford claim for the first time when it is actually ripe.

It is true that two of our sister circuits have, in similar situations, treated habeas applications asserting Ford claims as "second or successive" applications

-5-

for purposes of § 2244(b).  See In re Davis, 121 F.3d 952, 955-56 (5th Cir. 1997); In re Medina, 109 F.3d 1556, 1564-65 (11th Cir. 1997).  However, I am persuaded by neither.  In the first place, both opinions were issued prior to, and without the benefit of, the Supreme Court's decision in Martinez-Villareal II.  Although the Supreme Court did not directly address the question we now face, I am not convinced the Court would agree with the position taken by the Fifth and Eleventh Circuits.  In any event, I cannot accept those courts' construction of the "second or successive" language of § 2244(b), because I believe it effectively results in an unconstitutional suspension of the writ of habeas corpus with respect to Ford claims.  See Martinez-Villareal I, 118 F.3d at 631-632, 635.  Although the Fifth and Eleventh Circuits (as does the majority in this case) suggest a prisoner can obtain federal court review of his Ford claim by filing either a petition for certiorari from a state supreme court decision or an original habeas application with the Supreme Court, both of those avenues are, in my opinion, suspect.  See id. at 631 n. 3 ("We reject the suggestion that direct review by the Supreme Court of the state court's competency proceedings suffices to sustain § 2244 against constitutional attack."), and 632 n. 4.

To avoid this constitutional problem, see Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council, 485 U.S. 568, 575 (1988) ("where an otherwise acceptable construction of a statute would raise serious

constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress."), I believe the proper course is to construe the term "second or successive habeas corpus application," as used in the newly-amended 28 U.S.C. § 2244(b), as encompassing only those habeas applications that assert claims that were ripe at the time of the petitioner's original habeas application. Such an interpretation would allow a state prisoner on death row to first attack the legality of the conviction and sentence and then, after the state establishes an execution date, file a Ford claim. This would be generally consistent with the two "gateways" provided by Congress in § 2244(b)(2)(A) and (B), both of which allow a prisoner to assert a claim in a "second or successive" petition that was not available at the time of the original petition. Moreover, this approach would ensure that a state prisoner has an opportunity for federal court review of all constitutional claims.

For these reasons, I would conclude Nguyen's current application for habeas relief is not a "second or successive" application under § 2244(b), and that he should be allowed to proceed in district court without authorization from this court.