IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50568

---

MIGUEL RICHARDSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

---

Order Denying a Certificate of Appealability
and Stay of Execution
Western District of Texas

---

June 25, 2001

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

BY THE COURT:

I

Miguel A. Richardson on October 8, 1998, filed a petition for habeas relief in the United States District Court, Western District of Texas, San Antonio Division, pursuant to Title 28, U.S.C. § 2254. Richardson asked the federal courts to overturn his 1981 capital murder conviction and sentence of death. On January 23, 2001, this court affirmed the United States District Court's denial

of federal habeas corpus relief[1] and stay of execution.  The United States Supreme Court denied certiorari on June 11, 2001, *Richardson v. Johnson*, ___ U.S. ___ , 121 S. Ct. 2244, 2001 WL 456365 (June 11, 2001).

In this second federal petition filed four days ago and now before us, Richardson asked the United States District Court to conduct a hearing to determine if he is competent to be executed and to stay his execution now scheduled for June 26, 2001, pending that decision, all, Richardson says, as required *Ford v. Wainwright*, 477 U.S. 399 (1986).

## II

The District Court, while denying relief in this second petition, granted a certificate of appealability, persuaded that whether *Stewart v. Martinez-Villareal*, 523 U.S. 644 (1998), overruled our decision in *In Re: Davis*, 121 F.3d 952 (5th Cir. 1997), presents a substantial question about which reasonable jurists may differ.

The district court's grant of a certificate of appealability has no significance if the petitioner is prosecuting a successive writ – and he clearly is.  Of course, this does not answer the question of whether a *Ford* claim is subject to the limits of a successive writ.  That is a distinct question.

---

[1]  *See Richardson v. Johnson*, 248 F.3d 1139 (5th Cir. 2001) [table].

As for that, we do not read the decision of the Supreme Court in *Stewart v. Martinez Villareal* as overruling or casting doubt on our decision in *In Re: Davis*. Rather, the Supreme Court by footnote explicitly declined to decide the case of a petitioner who did not present his *Ford* claim in his first federal habeas, as did *Martinez Villareal*.

## III

This leaves the argument that Richardson did not have a *Ford* claim at the time he filed his first federal habeas, a contention with two aspects. The first is that the factual basis for the *Ford* claim could not have been discovered at the time of the first federal habeas. That claim is refuted by the assertion that he has long suffered this bipolar disorder and by his own expert witness.

The second aspect is that the *Ford* claim was not ripe when the first federal habeas petition was filed for the reason that execution was not then imminent. To accept this argument would mean as a practical matter that no *Ford* claim would need to be presented in a first filed habeas, given that state courts, in part at our urging, now seldom set execution dates until after the first round of appeals and habeas.

We need not wrestle that issue at this late date given the findings of fact issued by the 175th Judicial District Court and approved by the Texas Court of Criminal Appeals. Those findings included findings that the applicant "presents no factual

3

information, however, concerning his current mental health status." The court also found that "applicant points to nothing which shows that he is presently incompetent to be executed." The state habeas court detailed record evidence to support its conclusion that "based on all of the foregoing, the Court finds that applicant understands that he is to be executed, that his execution is imminent, and the reason for his execution."

## IV

There are several difficulties with petitioner's claim of involuntary medication, including whether it is cognizable in habeas. The larger and first hurdle for petitioner is that this claim has no factual legs. The state habeas court found that no such showing of involuntary medication was made and that there was no showing that the medication was given "for the purpose of making him competent to be executed." The state habeas court pointed to affidavits of Dr. Peccora and Gwendolyn Bundy that the applicant was not involuntarily medicated. Finally, the state habeas court found "Dr. Sparks affirms that he found nothing, in all the records that he reviewed, which contradicts Dr. Peccora's statement that Richardson accepted and received the medications voluntarily."

## V

*Ford* claims admittedly have an uneasy fit with the AEDPA's limits upon successive writs. We examined that fit in *In re: Davis* and remain convinced that it is both sound and binding.

4

The request for certificate of appealability and request for application for stay of execution are DENIED.