**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT LEROY BRYAN,

     Appellant,

v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary and RON J. WARD,
Director, Oklahoma Department of
Corrections,

     Appellee.

No. 04-6190

---

**ORDER**

---

Before **KELLY**, **HENRY**, and **MURPHY**, Circuit Judges.

---

For the second time in the last five days, this court has before it a last-minute request for a stay of execution filed by Robert Leroy Bryan. For the second time in the last five days, this court concludes that Bryan is not entitled to a stay of execution.

Bryan is a convicted murderer; he is scheduled to be executed by the state of Oklahoma at 6:00 p.m. today, June 8, 2004. At approximately 8:00 a.m. this morning, Bryan filed a complaint in the United States District Court for the

District of Oklahoma. In that complaint, Bryan asserted that he is incompetent and that his execution by the state of Oklahoma would violate the Eighth and Fourteenth Amendments. *See Ford v. Wainwright*, 477 U.S. 399, 410 (1986) ("The Eighth Amendment prohibits the State from inflicting the penalty of death upon a prisoner who is insane."). Bryan further asserted that he was entitled to seek an injunction barring his execution in federal district court pursuant to the provisions of 42 U.S.C. § 1983. The district court dismissed Bryan's complaint and denied his request for a stay of execution. According to the district court, Bryan had presented "no indication of the likelihood he will succeed on the merits." Dist. Ct. Order at 3. The district court further concluded that the evidence Bryan relies on in support of his *Ford* claim "provides little to support his claim of insanity. In fact, both [prison] reports state Plaintiff was aware of his upcoming execution and its date, and further, that he has an understanding of the procedural posture of his case and the activities of his counsel." *Id.*

This court concludes that Bryan's § 1983 complaint is, in actuality, a second or successive 28 U.S.C. § 2254 habeas corpus petition. Thus, the district court lacked jurisdiction over the petition. 28 U.S.C. § 2244(b)(3)(A). We, therefore, **vacate** the district court's order denying Bryan's complaint on the merits. This court treats Bryan's appeal as an implied request to file a second or successive § 2254 petition. Because Bryan has not made a *prima facie* showing

that his *Ford* claim satisfies the requirements of § 2244(b)(2), this court **denies** his request to file a second or successive § 2254 habeas petition and **denies** his request for a stay of execution.

Although Bryan asserts that he is entitled to proceed with his *Ford* claim in a 28 U.S.C. § 1983 action, he has not cited a single case indicating that § 1983 is the proper vehicle to litigate a *Ford* claim. Instead, Bryan relies on the Supreme Court's recent decision in *Nelson v. Campbell*, No. 03-6821, slip op. at 5-7 (2004). In *Nelson*, the Supreme Court held that the plaintiff could challenge a "cut-down" procedure Alabama officials planned to use to effectuate the execution of the plaintiff. *Id.* In *Nelson*, however, the Court was careful to note that the plaintiff's challenge was narrowly directed to a particular method of effectuating the lethal injection of the plaintiff. *Id.* at 7 ("But petitioner has been careful throughout these proceedings, in his complaint and at oral argument, to assert that the cut-down, as well as the warden's refusal to provide reliable information regarding the cut-down protocol, are *wholly unnecessary* to gaining venous access. Petitioner has alleged alternatives that, if they had been used, would have allowed the State to proceed with the execution as scheduled."). Because Bryan is challenging the fact of his execution, as opposed to the narrow method in which his execution will be effectuated as in *Nelson*, he must proceed

under § 2254. *See generally, e.g., Nguyen v. Gibson*, 162 F.3d 600 (10th Cir. 1998) (reviewing *Ford* claim under § 2254).

It is likewise clear that Bryan's attempt to raise a *Ford* claim at this late date is subject to the provisions of § 2244(b) restricting the filing of second or successive § 2254 habeas petitions. Bryan has previously filed a § 2254 habeas petition. That § 2254 habeas petition did not contain a *Ford* claim. Under these circumstances, this court has held that Bryan's subsequently filed *Ford* claim must be treated as a second or successive habeas application. *Nguyen*, 162 F.3d at 601. *But see id.* at 602-04 (Briscoe, J., dissenting) (asserting that the provisions of § 2244(b) are not applicable to a *Ford* claim because those provisions only apply to a claim that could have been raised in a previous § 2254 habeas petition and because *Ford* claims do not become ripe until an execution is imminent). Thus, to be entitled to raise his *Ford* claim before the district court in a second § 2254 habeas petition, Bryan must satisfy the gate keeping requirements of § 2244(b).

The AEDPA strictly limits the filing of second or successive § 2254 habeas petitions. According to § 2244(b),

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1), (2). This court may authorize the filing of a second or successive § 2254 petition "only if [we] determine[] that the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b)(1) and (2). 28 U.S.C. § 2244(b)(3)(C).

Bryan cannot satisfy the requirements of § 2244(b)(2)(A) because the Supreme Court decided *Ford* in 1986. *Nguyen*, 162 F.3d at 601. Nor can Bryan meet the requirements of § 2244(b)(2)(B).[1] First, in light of Bryan's well-documented history of mental illness, there is simply no question that the factual predicates of Bryan's *Ford* claim could have previously been discovered and

---

[1]That is assuming, of course, that a petitioner can challenge his death sentence under the provisions of § 2244(b)(2)(B). *See LaFevers v. Gibson*, 238 F.3d 1263, 1267 (10th Cir. 2001) (noting that there is a circuit split on this question and declining to decide whether such challenges are cognizable under § 2244(b)(2)(B) because the claim would fail on the merits). As was true in *LaFevers*, this court need not resolve that difficult question because even assuming such a claim is available, it fails on the merits.

presented to this court through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(B)(i). For that reason alone, Bryan has failed to make a *prima facie* case that his *Ford* claim satisfies the requirements of § 2244(b). Furthermore, the letter submitted by Dr. Kathie Ward, a psychologist with the Oklahoma Department of Corrections, to Warden Mike Mullin, does not alter this court's conclusion that Bryan's *Ford* claim could, through the exercise of due diligence, have been raised in Bryan's first habeas petition. The letter from Dr. Ward, to the extent it does reflect upon Bryan's detachment from reality, indicates nothing more than what was contained in the record before this court on Bryan's first § 2254 habeas petition. In any event, Dr. Ward's letter—which simply indicates that although Bryan understands the concept of execution, he believes he will be exonerated rather than executed—is simply insufficient to justify an evidentiary hearing on present incompetence to be executed. Accordingly, Bryan also fails to satisfy the requirements of § 2244(b)(2)(B)(ii), no matter how those provisions are construed to apply to a *Ford* claim.

Because Bryan has failed to satisfy the requirements of § 2244(b) this court **DENIES** his implied request to file a second or successive habeas petition and **DENIES** his request for a stay of execution. It should be noted, however, that even if it were a closer question whether Bryan had made a *prima facie* showing that he satisfies the requirements of § 2244(b)(2), which it is most certainly not,

this court would still deny his request for a stay of execution. Bryan's last-minute filing, under the facts of this case, is a clear attempt to manipulate the federal courts into staying his execution without a real opportunity to delve into the merits of the case. *See Nelson*, No. 03-6821, slip. op. at 12 ("A stay is an equitable remedy and equity must take into consideration the State's strong interest in proceeding with its judgment and attempts at manipulation. Thus, before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim. Given the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." (quotations, citations, and alterations omitted)).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

No. 04-6190, *Bryan v. Mullin*

**Henry**, Circuit Judge, dissenting.


I vote to grant the stay. First I am not sure that § 1983 relief is unavailable. However, even if we must proceed under § 2244, I would still grant the stay. In *Nguyen v. Gibson*, 162 F.3d 600 (10th Cir. 2004) (per curiam), we held that this is a "second or successive petition" under 28 U.S.C. § 2244. I believe the evidence suggests the strong possibility of decline in Mr. Bryan's condition. Thus, this new evidence satisfies § 2244. I also believe Judge Briscoe's dissenting approach is correct and this case would meet that standard as well.

It is discouraging that counsel waited until this late date to present this claim, and it is also discouraging the prison psychologist is not aware of the standards of legal competency and presented inconsistent evaluations of Mr. Bryan. Given the magnitude of the interest at stake, I reluctantly conclude that a stay should be granted to determine Mr. Bryan's competency.