United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

06-70028

—————————

ANGEL MATURINO RESENDIZ,

                                        Petitioner-Appellant,

v.

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

                                        Respondent-Appellee.

—————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas

—————————————————————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

     Petitioner-Appellant, Angel Maturino Resendiz, was convicted of capital murder in Texas and sentenced to death.  His execution is scheduled for June 27, 2006.  In his first petition for writ of habeas corpus, Resendiz argued that it was unconstitutional for a defendant to have the burden of proving circumstances that mitigate against the death penalty.  The district court denied relief on the merits, and this Court dismissed the appeal for lack of jurisdiction because of an untimely notice of appeal.

Resendiz returned to district court and filed a petition for writ of habeas corpus, alleging that his mental illness rendered him incompetent to be executed. *See Ford v. Wainwright,* 477 U.S. 399 (1986). He moved the district court to stay his impending execution to allow him to prove his incompetency to be executed. Applying Fifth Circuit precedent, the district court determined that Resendiz's petition constituted a successive habeas petition under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Richardson v. Johnson*, 256 F.3d 257 (5th Cir. 2001). Because it was a successive petition under AEDPA, the district court had no jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A). The district court then transferred the petition pursuant to 28 U.S.C. § 2244(b)(2) for this Court to determine whether Resendiz is authorized to file a successive habeas petition.[1]

Relatedly, in Texas state court, Resendiz filed a motion claiming incompetency to be executed pursuant to Tex. Code Crim. Proc. art. 46.05. After numerous mental health experts examined Resendiz, the state district court held a competency hearing during which five experts testified regarding Resendiz's competency. After the hearing, the state court found that "Drs. Stewart, Puente, and Patino concluded that the defendant is incompetent to

---

[1] In this proceeding, Resendiz does not seek authorization to file a successive habeas petition. In any event, to the extent that his arguments could be construed as a request for authorization to file a successive petition, he woefully fails to meet the requirements of 28 U.S.C. § 2244(b)(2).

2

be executed and that Drs. Gripon, Brown, and Moeller concluded that the defendant is competent to be executed." The court further found, among other things, "based on the reports and hearing testimony, that the defendant understands he is to be executed and that the execution is imminent, and the reason he is being executed." Thus, the state court found Resendiz competent to be executed.

Resendiz thereafter sought a Certificate of Appealability ("COA") in the district court, which denied it. We have before us Resendiz's contention that his *Ford* claim does not constitute a successive petition. "[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).

In *In re Davis,* 121 F.3d 952 (5th Cir. 1997), this Court held

3

that a claim of incompetency to be executed that was raised for the first time in a second habeas petition was barred as a successive claim under AEDPA. Subsequently, the Supreme Court held that a petitioner's claim of incompetency to be executed, raised in a second petition after his first claim of incompetency was dismissed by the district court as premature, was not a "second or successive" application under AEDPA. *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). However, the Supreme Court expressly stated that it was not addressing a case in which the petitioner had failed to bring the claim in the first habeas petition, which is what happened in the case at bar. *Id.* at 644 n.\*. Further, this Court has opined that *Martinez-Villareal* did not "overrul[e] or cast[ ] doubt on our decision in *In re: Davis."* *Richardson,* 256 F.3d at 259.

*Richardson* controls this case. In *Richardson,* as in the instant case, the petitioner did not raise the claim of incompetency to be executed in his first federal habeas petition. 256 F.3d at 258. Richardson, like Resendiz, raised the claim for the first time in a second petition. *Id.* We rejected Richardson's assertion that the factual basis for his incompetency claim could not have been discovered prior to filing his first petition, stating that such a claim was refuted by his own expert witness and "the assertion that he has long suffered this bipolar disorder." *Id.* at 259. Resendiz also had a history of mental illness prior to

4

filing his first petition. Indeed, at the guilt phase of his capital murder trial, Resendiz called an expert witness to testify that he was insane at the time of the instant offense. *Resendiz v. State,* 112 S.W.3d 541, 544 (Tex.Crim.App. 2003). Ultimately, treating Richardson's competency claim as a successive writ, this Court denied a COA and stay of execution. *Richardson,* 256 F.3d at 259. Under these circumstances, Resendiz has not demonstrated that jurists of reason could disagree with the district court's treatment of his competency claim as a successive petition or that jurists could conclude the issue presented is adequate to deserve encouragement to proceed further.

For the above reasons, Resendiz's application for a COA is DENIED. The motion for stay of execution is DENIED. The panel directs that the mandate issue *instanter. See* Rule 8.8 of the Fifth Circuit Local Rules.