# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-70006

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2019

Lyle W. Cayce
Clerk

MARK ROBERTSON,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-728

Before SMITH, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This is a review of a limited remand. On December 21, 2017, this court issued an opinion denying a certificate of appealability with respect to Mark Robertson's claim that his death sentence was based on materially inaccurate evidence. *Robertson v. Davis*, 715 F. App'x 387 (5th Cir. 2017) (*per curiam*).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-70006

The panel reserved judgment on whether the district court abused its discretion in denying funding requests under 18 U.S.C. § 3599(f).

On March 21, 2018, the Supreme Court issued *Ayestas v. Davis*, which rejected our Circuit's standard for determining whether investigative funds pursuant to § 3599(f) are "reasonably necessary." 138 S. Ct. 1080 (2018). Because the district court had not had the opportunity to consider how *Ayestas* might apply to Robertson's requests for funding, we remanded for the district court to consider this issue in the first instance. *Robertson v. Davis*, 729 F. App'x 361, 362 (5th Cir. 2018) (*per curiam*). Having carefully considered Robertson's arguments under the new standard, the district court again rejected his funding request. We detect no error in this conclusion.

"We review the denial of funding for investigative or expert assistance for an abuse of discretion." *Wilkins v. Davis*, 832 F.3d 547, 551 (5th Cir. 2016) (quoting *Brown v. Stephens*, 762 F.3d 454, 459 (5th Cir. 2014)).

The funding statute at issue provides:

> Upon a finding that investigative, expert, or other services are *reasonably necessary* for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court *may* authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses . . . .

18 U.S.C. § 3599(f) (emphases added). In *Ayestas*, the Supreme Court recently struck down the Fifth Circuit's standard that "[r]easonably necessary in this context means 'that a petitioner must demonstrate 'a substantial need' for the requested assistance.'" *Ward v. Stephens*, 777 F.3d 250, 266 (5th Cir. 2015) (quoting *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004)). The Court reiterated that "Congress has made it clear . . . that district courts have broad discretion in assessing requests for funding." *Ayestas*, 138 S. Ct. at 1094. In directing lower courts on the funding determination, the Court explained:

2

No. 19-70006

> [T]he proposed services must be "*reasonably* necessary" for the applicant's representation, and it would not be reasonable—in fact, it would be quite unreasonable—to think that services are necessary to the applicant's representation if, realistically speaking, they stand little hope of helping him win relief. Proper application of the "reasonably necessary" standard thus requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way.

*Id.*

Robertson argues that the failure of his 2009 trial counsel to adequately investigate the mitigating circumstances surrounding his mental health and baleful life story rose to the level of ineffective assistance under the familiar standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), as construed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510 (2003). He seeks funding for further investigation into these issues.

In the context of penalty phase mitigation in capital cases, the Supreme Court has held that it can be unreasonable for counsel not to conduct further investigations when he has information available to him that suggests additional mitigating evidence may be available. *See Porter v. McCollum*, 558 U.S. 30, 39–40 (2009); *Wiggins*, 539 U.S. at 524–26; *Williams v. Taylor*, 529 U.S. 362, 395–96 (2000). But unlike the defense counsel described in *Wiggins*, *Porter*, and *Williams*, and as explained in excruciating detail in the district court's nearly fifty pages of record-specific analysis, Robertson's 2009 trial counsel undertook an extensive investigation into Robertson's background searching for mitigating evidence and also made strategic decisions as to what to present during the 2009 retrial. A substantial case in mitigation was in fact then presented.

No. 19-70006

After considering the district court opinion and the briefs on appeal, we agree with the district court that the *Wiggins* claims Robertson proposes to investigate "are not merely implausible, they are inane." Because Robertson's proposed claims are meritless, they cannot satisfy the *Ayestas* standard—requiring courts "to consider the potential merit of the claims that the applicant wants to pursue [and] the likelihood that the services will generate useful and admissible evidence."[1] *Ayestas*, 138 S. Ct. at 1094, *see, e.g.*, *Ochoa v. Davis*, 750 F. App'x 365, 372 (5th Cir. 2018). Consequently, the district court did not abuse its discretion.

On remand, Robertson also sought to amend his *habeas* petition and the district court held that the amended petition is not meaningfully different from a request to file a second or successive petition. Robertson now seeks a Certificate of Appealability ("COA") on this question.

"A COA will be granted only if the petitioner makes 'a substantial showing of the denial of a constitutional right.'" *Resendiz v. Quarterman*, 454 F.3d 456, 458 (5th Cir. 2006) (*per curiam*) (quoting 28 U.S.C. § 2253(c)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Our remand was limited—to determine whether Robertson was entitled to funding under *Ayestas*. We did not vacate the district court's judgment denying Robertson federal *habeas* relief and on appeal we now affirm its

---

[1] The parties have extensively briefed whether Robertson's claims are exhausted and whether this causes a procedural default. The district court concluded that Robertson's *Wiggins* claims are probably unexhausted and subject to dismissal under the principles of procedural default. This may well be true but given Robertson's inability even to make out a plausible *Wiggins* claim we need not address this conclusion.

4

decision to once again reject Robertson's funding request. We decline Robertson's invitation to consider what avenues for relief might have been available had his request for funding succeeded. Given the current posture, no jurist of reason would disagree with the district court's conclusion that Robertson's amended petition represents a successive filing. Robertson's request for a COA is DENIED, the district court's funding decision is AFFIRMED, and Robertson's motion to stay his execution is DENIED.