# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 08-10307
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL A. FISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-172-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daniel A. Fisher, federal prisoner # 32412-177, appeals the district court's denial of his motion for a new trial. He asserts that the district court failed to conduct the necessary de novo review of his arguments and did not properly consider all of the claims that he raised in the motion. He alleges that the disregarded claims, which appear in his traverse to the government's response to his motion for a new trial and his objections to the magistrate judge's (MJ's) report and recommendation, were supported by newly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovered evidence that established his entitlement to a new trial. The government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a brief on the merits. Fisher's motion to file a supplemental brief is GRANTED.

Fisher's contention that the district court failed to conduct a proper de novo review of claims is not supported by the record. The district court explicitly stated in its order adopting the MJ's report that its conclusion was based on an independent review of the pleadings, files, and records in this case, as well as the findings, conclusions, and recommendations of the MJ. *See* 28 U.S.C. § 636(b)(1)*; Shiimi v. Asherton I.S.D.*, 983 F.2d 233, 233 n.18 (5th Cir. 1993). Fisher has also failed to establish that the district court was incapable of conducting a proper de novo review because it did not have available to it all of the documents that were relevant to his claims. Fisher does not identify any specific documents that the court did not have access to or overlooked in its independent review of the record, and he fails to demonstrate that the allegedly omitted documents would have altered the district court's disposition of his motion.

Fisher has also failed to establish that the district court abused its discretion in denying his motion for a new trial. *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996) (noting that denial of a motion for a new trial based on newly discovered evidence is reversed only when there is a clear abuse of discretion). He has not clearly shown that the district court failed to consider the arguments that he raised in his traverse and his objections to the MJ's report. Moreover, the claims purportedly disregarded by the district court do not provide a basis for a new trial. Those claims principally concern alleged misconduct that occurred at trial, but Fisher has not shown that the claims are premised on material, newly discovered evidence that he could not previously have found through the exercise of diligence. *See id.*; c*f. United States v. Ugalde*, 861 F.2d 802, 808 (5th Cir. 1988) (identifying that newly discovered evidence must be unknown to the defendant at the time of trial); *United States v. Jaramillo*, 42

F.3d 920, 925 (5th Cir. 1995) (holding that evidence is not "newly discovered" where a defendant is in possession of evidence before trial but fails to realize its relevance).

Accordingly, the district court's denial of Fisher's motion for a new trial was not an abuse of discretion, and the judgment is AFFIRMED; the government's motion for summary affirmance is GRANTED; the government's motions to dismiss and for an extension of time are DENIED as unnecessary; Fisher's motions for a limited remand, for release pending appeal, and for the appointment of counsel are DENIED.  Further, Fisher is cautioned that his use of abusive and insulting language directed at the district judge are improper, and similar language and accusations in future filings will result in the imposition of sanctions.  *See Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978).