# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-10516

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL A. FISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-172-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel A. Fisher, federal prisoner # 32412-177, appeals, *pro se*, from the district court's orders denying his motions to supplement and to correct and/or modify the record. He contends that the proposed documents, which were filed in related proceedings, support one or more of the claims made in his unsuccessful motion for a new trial and are material to a meaningful review of the issues in that motion. Fisher also appeals the denial of his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disqualify the office of opposing counsel, request for sanctions, and other appropriate relief. DISMISSED IN PART; REMANDED in PART.

## I.

In 2004, Fisher was charged with 34 counts of aiding and assisting the filing of fraudulent tax returns, one count of making a false statement to a bank, one count of bank fraud, and one count of making a false statement before a court. He was convicted of all counts.

The district court sentenced Fisher, *inter alia*, to 235 months' imprisonment. Our court affirmed his conviction and sentence. *United States v. Fisher*, 236 F. App'x 54, 55 (5th Cir. 2007).

Subsequently, Fisher moved in district court for a new trial under Federal Rule of Criminal Procedure 33(a) and (b)(1). In March 2008, that motion was denied. Fisher then moved for reconsideration of his motion. That April, that motion was also denied.

Regarding his appeal from the denial of his new-trial motion, in June 2008, the district court granted Fisher's motion to proceed on appeal *in forma pauperis*. (As discussed *infra*, that appeal has been decided by our court; the denial was affirmed. *United States v. Fisher*, No. 08-10307, 2010 WL 445495 (5th Cir. 3 Feb. 2010).)

For that appeal, Fisher moved to supplement the record to include documents and transcripts from a related civil proceeding to enjoin Fisher's preparing tax returns. He also moved to correct and/or modify the record, contending: the complete transcripts from that civil proceeding for both the hearing at which he was found guilty of contempt and the injunction-compliance hearing should be included in the record for his appeal from the denial of his new-trial motion. In April 2008, the district court denied those motions.

Fisher later moved to disqualify the office of opposing counsel, and in that motion requested sanctions and "other appropriate relief". He contended, *inter alia*, that the Government had secured an unlawful conviction by fraud and

artifice. The district court denied this motion as well, concluding it lacked jurisdiction because the case was on appeal.

## II.

This appeal is similar to that in No. 08-10923 (dismissed as moot). For the following reasons, jurisdiction is lacking for each of the two issues on appeal.

## A.

Our court, as stated *supra*, has affirmed the denial of Fisher's new-trial motion. *See Fisher*, 2010 WL 445495. We are, therefore, unable to grant Fisher relief for the denial of his motion to supplement and to correct and/or modify the record in conjunction with that appeal. Consequently, this portion of the appeal must be dismissed as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))). Further, it is without significance that this appeal was rendered moot by a ruling that occurred while this appeal was pending. *See id.* ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed". (quoting *Mills*, 159 U.S. at 653)).

## B.

Regarding the denial of Fisher's "Motion to Disqualify the Office of Opposing Counsel, Request for Sanctions, and Other Appropriate Relief", he contends the district court erred in concluding it lacked jurisdiction to address that motion. He asserts that the district court always has jurisdiction to supervise attorneys practicing before it and to rule on a motion for sanctions.

Although Fisher characterizes his motion as requesting sanctions against—and the possible disqualification of—government attorneys, the motion does not have as its primary objective the imposition of sanctions or other

remedial punitive measures. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994) (the nature of a motion must be determined according to its actual substance rather than title given it). In that regard, the motion contains numerous contentions attacking the validity of Fisher's conviction. Fisher seeks relief for claimed errors that occurred in connection with his trial, and he requests that the charges against him be dismissed. Because Fisher's motion primarily seeks to challenge collaterally the constitutionality of his conviction, it should be construed, and considered, by the district court as a motion under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Consequently, because Fisher's motion was in the nature of a § 2255 motion, this court lacks jurisdiction over Fisher's appeal absent a certificate of appealability (COA) ruling in the district court. *See United States v. Youngblood*, 116 F.3d 1113, 1114-15 (5th Cir. 1997).

Therefore, this motion is remanded to district court for it to rule on it as one filed pursuant to § 2255. If the motion is denied, in order to appeal, Fisher must seek a COA from the district court.

III.

For the foregoing reasons, the appeal is DISMISSED IN PART and REMANDED in PART.