# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2010

Lyle W. Cayce
Clerk

No. 08-10923

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL A FISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3: 04-CR-172-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel A. Fisher, federal prisoner # 32412-177, appeals, *pro se*, from the denial of his motion for the production (at the Government's expense) of two postconviction detention hearing transcripts. He contends: he is indigent; and, the transcripts are necessary for a comprehensive appellate record. DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10923

I.

In 2004, Fisher was charged with 34 counts of aiding and assisting the filing of fraudulent tax returns, one count of making a false statement to a bank, one count of bank fraud, and one count of making a false statement before a court. He was convicted of all counts.

Prior to sentencing, Fisher moved for a detention hearing to assess whether he should be released pending sentencing. The district court referred the motion to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B) (granting magistrate judge authority to conduct such hearings). The magistrate judge found Fisher was a flight risk and, in December 2004, denied the requested release.

Fisher then moved to reopen the detention hearing, asserting a family member's illness warranted reconsideration of his motion. The district court referred that motion to the same magistrate judge who conducted the prior hearing. In May 2005, after a second detention hearing, the magistrate judge again determined Fisher had not provided "clear and convincing" evidence that he was not a flight risk.

The district court sentenced Fisher, *inter alia*, to 235 months' imprisonment. Our court affirmed his conviction and sentence. *United States v. Fisher*, 236 F. App'x 54, 55 (5th Cir. 2007).

Subsequently, Fisher moved in district court for a new trial under Federal Rule of Criminal Procedure 33(a) and (b)(1). That motion was denied. Fisher then moved for reconsideration of his motion. In April 2008, it was also denied.

Regarding his appeal from the denial of his new-trial motion, in June 2008, the district court granted Fisher's motion to proceed on appeal *in forma pauperis* (IFP). (As discussed *infra*, that appeal has been decided by our court; the denial was affirmed. *United States v. Fisher*, No. 08-10307, 2010 WL 445495 (5th Cir. 3 Feb. 2010).)

2

For that appeal, Fisher moved for the production of transcripts from his postconviction detention hearing and his motion to reopen the detention hearing. In August 2008, the district court denied the motion, concluding it could not certify Fisher's appeal as not frivolous and presenting a substantial question.

## II.

This appeal is similar to that in No. 08-10516 (dismissed in part and remanded in part). For the following reasons, it is moot.

Pursuant to 28 U.S.C. § 753(f), the United States shall pay the fee for a transcript in a criminal proceeding for a person permitted to appeal IFP, "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)". Further, that person must also show why the transcript is necessary for his appeal. *See Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)).

Our court, however, as stated *supra*, has previously affirmed the denial of Fisher's new-trial motion. *See Fisher*, 2010 WL 445495. We are, therefore, unable to grant Fisher any relief in this appeal. Consequently, it must be dismissed as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))). Further, it is without significance that this appeal was rendered moot by a ruling that occurred while this appeal was pending. *See id.* ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed". (quoting *Mills*, 159 U.S. at 653)).

## III.

For the foregoing reasons, this appeal is DISMISSED.