# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30934

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2017

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Plaintiff-Appellee

v.

SEALED APPELLANT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2111

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

The movant seeks a certificate of appealability (COA) to appeal the denial of his motion for resentencing for the offense of conspiracy to distribute and possess with intent to distribute cocaine. His conviction was entered on March 7, 2012, and the movant did not appeal. Approximately two years later, his retained counsel moved the district court for resentencing. Without asserting a basis for the court's jurisdiction, the motion alleged that a guidelines enhancement imposed at sentencing violated the Ex Post Facto

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause. The district court denied relief on the merits. Acting pro se, the movant timely appealed. He did not move for a COA.

Although the case initially was docketed as an appeal of the criminal conviction, it was re-designated as an appeal from the denial of what was, in effect, a 28 U.S.C. § 2255 motion. *See Tolliver v. Dobre*, 211 F. 3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence."); *see also, e.g., United States v. Fisher*, 372 F. App'x 526, 528 (5th Cir. 2010) (noting that where a federal prisoner's motion "primarily seeks to challenge collaterally the constitutionality of his conviction, it should be construed, and considered, by the district court as a motion under 28 U.S.C. § 2255"). The movant then filed a motion in this court for a COA, which is required to appeal the denial of relief under § 2255. *See* 28 U.S.C. § 2253(c)(1)(B).

Rule 11(a) of the Rules Governing § 2255 Proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This requirement previously appeared in Federal Rule of Appellate Procedure 22(b). *See* FED. R. APP. P. 22(b) (2008); *Cardenas v. Thaler*, 651 F.3d 442, 444 & n.1 (5th Cir. 2011). Under Rule 22, "the absence of a prior determination by the district court on whether a COA should issue posed a jurisdictional bar to this court's consideration of whether to grant or deny a COA." *Cardenas*, 651 F.3d at 445 & n.3. We assume, without deciding, that this jurisdictional requirement continues to apply under Rule 11.

The district court's order denying the motion for resentencing is VACATED, and the case is REMANDED for further proceedings consistent with Rule 11(a), as well as the requirements in *Castro v. United States*, 540 U.S. 375, 383 (2003), for construing a pro se litigant's motion as a first motion

under § 2255. The motion for appointment of counsel is DENIED. *See* Fifth Circuit Plan for Representation on Appeal Under the Criminal Justice Act, § 3B.