GRIMES, Judge.
The Attorney General has filed a petition for certiorari from an order temporarily enjoining him from taking certain action in relation to a suit he is prosecuting under Florida’s so-called “little FTC act.”
Pursuant to Chapter 501, Part II, Florida Statutes (1975), the petitioner representing the Department of Legal Affairs of the State of Florida brought a civil suit against the respondents charging them with conducting deceptive and unfair trade practices. The complaint alleged that the respondents, doing business as the Florida Society of Poets, ran advertisements in Florida newspapers advising that the Society was compiling a book of poetry and soliciting persons to submit poems to a selection committee for possible inclusion in the book. Would-be poets were later advised by mail that their poems had been selected for publication and that since the book was to consist only of poems of Society members it was necessary for the poets to send checks for $25 to cover membership in the Society. These letters indicated the book would be distributed statewide. After *254 the poet became a Society member, he was then informed that the printing was about to take place but due to costs only the number of books presold would be printed. Therefore, each member was requested to prepay for all copies that he and his family and friends wanted.
The complaint asserted that the advertisements were deceptive in that there was no selection process and that virtually all submitted poems were accepted. There was no state Society, as such, nor were there any plans to actually market the book once it was printed. The complaint sought a variety of relief, including an injunction against deceptive advertising and an order requiring the offer of a refund to all persons who had become members of the Society-
Following a hearing, the court granted a temporary injunction against the respondents’ advertisements and also ordered a sequestration of the respondents’ assets pending a determination of the necessity of a refund. At the request of respondents, the court also entered a temporary injunction against the petitioner containing the following pertinent provisions:
“ORDERED AND ADJUDGED that the Plaintiff, ROBERT L. SHEVIN, Attorney General, Department of Legal Affairs, State of Florida, be and he is hereby enjoined and prohibited from disseminating defamatory literature, comments and remarks, and press releases concerning the Defendants until further Order of this Court. It is further
“ORDERED AND ADJUDGED that the Plaintiff, ROBERT L. SHEVIN, Attorney General, be and he is hereby enjoined from soliciting through press releases, literature and news media, or by any other means, members of the public to step forward and make complaints about the Defendant organization.”
The petition for certiorari is directed to the legality of these adjudications.
At the outset, we note that the record before us is exceedingly sparse, consisting only of copies of the complaint, the order for temporary injunction and sequestration of assets against the respondents and the temporary injunction to which this petition is directed. The temporary injunction states that testimony was taken, but we have none before us. We have not been favored with a brief on behalf of the respondents. At the request of the petitioner, the disposition of this case has been expedited.
Though the first-quoted paragraph of the injunction is susceptible of the interpretation that the word “defamatory” modifies only the word “literature,” we interpret it to mean that the only information which the petitioner is prohibited from disseminating about the respondents is defamatory information, regardless of its form. We doubt that the court could constitutionally restrain the petitioner from making public comments about the activities of his office as they relate to the respondents or from discussing the nature of the case. See Nebraska Press Ass’n v. Stuart, - U.S. -, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). Clearly, there is nothing in this order which would prevent the petitioner from issuing general warnings concerning promotions of this kind which may have the effect of misleading the public.
We are confident that the petitioner has no intention to issue defamatory statements about the respondents. Yet, on the state of this record we cannot say that the court departed from the essential requirements of law by enjoining him from issuing statements of this type. It must be remembered that the Attorney General is at the same time both a party and an attorney in this proceeding. Therefore, the following statement by our Supreme Court in State of Florida ex rel. Miami Herald Publishing Company v. McIntosh, 340 So.2d 904 (Fla.1976) (Case No. 48,264, opinion filed July 30, 1976), which was a case involving a prior restraint against the press, is apropos:
“Limitations placed upon lawyers, litigants and officials directly affected by court proceedings may be made at the court’s discretion for good cause to assure fair trials. Muzzling lawyers who may wish to make public statements to gain *255 public sentiment for their clients has long been recognized as within the court’s inherent power to control professional conduct. The constant spotlight of public attention focused upon public officials during litigation makes it imperative that they be more subject to judicial restrictions against inflammatory and prejudicial statements than other persons.
On the other hand, we must agree with the petitioner that the second-quoted paragraph of the injunction has the practical effect of enjoining him from lawfully performing certain of his statutory and constitutional duties. The petitioner has been designated by the Florida Legislature as the state official responsible for enforcing the little FTC act. Section 501.207, Florida Statutes (1975) authorizes him to bring an action on behalf of all consumers for damages caused by acts or practices performed in violation of the act. It has been said that the drafters of the act intended to place emphasis on civil enforcement because of the problems inherent in proving criminal intent on the part of those engaged in deceptive or unfair trade practices. See Department of Legal Affairs v. Roger, 329 So.2d 257 (Fla.1976).
At some point it may become necessary to ascertain the identity of all those who were induced to join the Florida Society of Poets in order to provide them with the right to a refund. In the meantime, a prohibition against seeking to find persons who submitted their poems or joined the Society could have the effect of hampering the petitioner in proving the gravamen of his complaint. At the trial witnesses will be required, and we know of no prohibition against a party or an attorney advertising for persons who may have knowledge of facts pertinent to his case.
Accordingly, the petition for certiorari is granted to the extent that the second-quoted paragraph of the injunctive order is hereby quashed.
McNULTY, C. J., and BOARDMAN, J., concur.