### UNITED STATES of America, Plaintiff–Appellee,

v.

### Paul George STEMM, Defendant–Appellant.

### No. 87–1426.

United States Court of Appeals, Tenth Circuit.

Dec. 10, 1987.

**733**

ON REHEARING EN BANC

JOHN P. MOORE, Circuit Judge.

This case presents questions of whether this court can enact a rule providing summary review of a direct criminal appeal, and, if so, whether the panel using that rule in this case properly employed its provisions. We conclude we have the necessary rule-making authority, but the panel failed to adhere to the procedure prescribed by the rule. We vacate the order of summary affirmance.

Appellant, Mr. Stemm, was one of eleven defendants originally charged with conspiracy and multiple counts of mail fraud in the United States District Court for the District of Kansas. Following successful negotiation of a plea agreement with the government, Mr. Stemm pled guilty to one count of conspiracy to commit mail fraud.

After viewing a copy of the presentence investigation report, Mr. Stemm filed papers attacking the report on the ground that the inclusion in the report of the government's version of the offense violated the plea agreement. Relief was denied, and the defendant was sentenced to a term of two years. Mr. Stemm's subsequent motion for release pending appeal was denied by the trial court. He then applied for release in this court, leading to the summary results now under consideration.

Upon receipt of Mr. Stemm's motion and accompanying documents, the panel to which the case was assigned ordered notice be given by the clerk to counsel for Mr. Stemm that the panel would consider summary disposition of the case pursuant to Tenth Circuit Rule 9.5.9. In the context of procedures to be followed upon application for bail pending appeal, that rule states:

> If, upon consideration of all issues raised in the briefs, *and the record on appeal,* the court determines that the defendant has not met the burden of showing that the judgment of conviction appealed from presents a substantial question of law or fact, the court may consolidate the appeal on the merits with the bail issue and summarily dispose of the entire case on the merits.

Richard L. Hathaway, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., Topeka, Kan., with him on the brief), Kansas City, Kan., for plaintiff-appellee.

Arnold M. Stone of Haight, Dickson, Brown & Bonesteel, Santa Ana, Cal., for defendant-appellant.

Before HOLLOWAY, Chief Judge, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, and BALDOCK, Circuit Judges.

(Emphasis added.) Over defendant's objection, the panel considered the contents of documents from the trial court, including the plea agreement; defendant's moving papers; the trial court's memorandum and orders denying relief; and the transcript of sentencing proceedings in which the requests for relief were heard and denied. The panel thereafter issued its per curiam order and judgment denying bail pending appeal and summarily affirming the judgment of the trial court.

Defendant then sought this en banc rehearing of his summary treatment. We granted rehearing to determine the validity of Tenth Circuit Rule 9.5.9.

Mr. Stemm attacks the rule and its application on two fronts. First, he claims Rule 9.5.9. was enacted without proper authority; second, he argues it was not correctly applied because the panel did not have before it a "record on appeal" when it decided the case on the merits.

■ Defendant takes the position that Rule 9.5.9. is contrary to certain provisions of the Federal Rules of Appellate Procedure; therefore, the rule cannot stand. He argues that truncating the time for briefing issues on the merits contravenes Fed.R. App.P. 31, and further contends eliminating oral argument violates Fed.R.App.P. 34. He therefore concludes Rule 9.5.9. is obviated by Fed.R.Civ.P. 47 which limits our rule-making authority to rules which are not inconsistent with the Federal Rules of Appellate Procedure.

Defendant's arguments overlook the provisions of Fed.R.App.P. 2, which states:

> In the interest of expediting decision, or for any other good cause shown, a court of appeals may, except as otherwise provided in Rule 26(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

We interpret this rule to establish the basis of expedited proceedings in appropriate cases, excepting any action affecting appellate court jurisdiction. (See Fed.R.App.P. 26(b)). Accordingly, the concept of summary disposition is not itself contrary to the strictures of the Rules of Appellate Procedure.

■ Moreover, the Courts of Appeal have inherent authority to adopt rules governing expedited review, even in criminal cases. In *Barefoot v. Estelle*, 463 U.S. 880, 891, 103 S.Ct. 3383, 3393, 77 L.Ed.2d 1090 (1983), the Supreme Court approved a Fifth Circuit practice of determining the validity of the merits of an appeal in conjunction with consideration of a stay of execution. The court held that where the granting of a stay was dependent upon the probability of success on the merits, summary disposition of the appeal was not improper following full consideration of the issues. We liken our Rule 9.5.9. to the Fifth Circuit's summary proceeding approved by the Court.

Our rule is predicated upon the premise that there are those few cases in which the issues on bail and on the merits are so closely intertwined and so circumscribed that full consideration of the former dictates the outcome of the latter. In most cases, this will not be the result, however, and denial of bail will not affect consideration of the merits. (Indeed, Tenth Circuit Rule 9.3. states disposition of the bail issue will not be the law of the case.)

■ Notwithstanding our conclusion that the concept of summary disposition is valid, we must nevertheless hold the panel's determination of the merits of this case was improper for failure to strictly comply with the basic requirements for such disposition. Above all institutions, courts must be ever vigilant in the exercise of authority. As the bastion toward which people turn for ultimate justice, a court ill serves its duty by anything less than scrupulous adherence to the limitations of its own jurisdiction. In this case, the panel neglected the strictures on its authority and proceeded improvidently by reaching the merits of the appeal in the absence of a record on appeal.

It makes no difference here that the documents and transcripts upon which summary disposition was based were records that would be essential to any considered deter-

mination on the merits. Rule 9.5.9. mandates that summary review will be predicated on a full record on appeal, and the record before the panel does not fit that definition. Counsel and litigants are entitled to rely upon the notion that this court will precisely follow its own rules in every case before it. The fact it did not do so in this instance dictates but one result.

Mr. Stemm also contends that summary treatment denied him the opportunity to fully brief the merits of the appeal. We recognize the importance such briefing has to the proper resolution of any appeal, and application of Rule 9.5.9. should not work a trivialization of that importance. Whether Mr. Stemm's briefing of the merits in this instance actually suffered because of the summary treatment by the panel is problematic. Nonetheless, our action here moots the issue.

The granting of rehearing en banc having automatically vacated the order and judgment of the panel by operation of Tenth Circuit Rule 35.5., this case will now be returned to the calendar for full briefing and determination on the merits.