The Honorable Terry Bullock Administrative Judge Third Judicial District Shawnee County Courthouse Topeka, Kansas 66603-3922
Dear Judge Bullock:
You request our opinion concerning whether a district court may enter into a contingency fee contract with a private collection agency to collect unpaid court costs, fines, attorney fees (for representation of indigent misdemeanant defendants) and restitution. Because there are no statutes or supreme court rules that address this issue, we analyze it in terms of whether the court has the inherent power to enter into such a contract.
K.S.A. 22-3801(a) provides as follows:
 "If the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases." (Emphasis added).
Added to these costs is a docket fee, the proceeds of which are distributed to a variety of state and county funds (e.g. law library funds, the law enforcement training center fund, the prosecuting attorney's training fund, the juvenile detention facilities fund). K.S.A. 1994 Supp. 28-172a; 20-3129, as amended by L. 1995, ch. 163, sec. 5. Additionally, a court may impose court costs designed to off-set the costs of criminal prosecution (e.g. K.B.I. laboratory analysis fee, extradition costs). K.S.A.28-176; 22-2724.
The requirement that a convicted defendant assume liability for court costs has long been a part of Kansas law on the theory that the defendant should be responsible for paying the expenses incurred in the prosecution. State v. Dean, 12 Kan. App. 2d 321,323 (1987). Pursuant to K.S.A. 22-3801(a), the taxing of court costs against the convicted defendant is mandatory. Unfortunately, it appears that neither the state or the counties have the resources to collect these outstanding civil judgments. The same problem arises with the collection of fines and reimbursement to counties for payment of attorney fees for the the defense of indigent misdemeanants. Fines, when collected, are payable to counties and the state. K.S.A. 1994 Supp. 20-350; 19-101e(c). A restitution award is a civil judgment in favor of the person to whom it is awarded. L. 1995, ch. 257, sec. 9.
We recognize the problems of collecting these debts which you indicate amount to four and one half to five million dollars and we applaud the court's desire to try and recoup these sums. However, while the court may use the state setoff program, it is our opinion that the court does not have the inherent power to contract with a private collection agency to collect these debts.
The doctrine of inherent power of a court derives from the separation of powers among the three branches of state government. 21 C.J.S. Courts sec. 14. Inherent powers are those powers that are reasonably necessary for the administration of justice provided they do not contravene and are not inconsistent with the statutes; such inherent powers may be exercised as a means of enforcing obedience to laws which a court is called upon to administer. Wilson v. American Fidelity Insurance Company,229 Kan. 416, 421 (1981). The doctrine is couched in terms of managing a court's affairs in order to achieve an orderly and expeditious disposition of cases. Chambers v. NASCO, Inc.,501 U.S. 32, 115 L.Ed.2d 111 S.Ct. 2123 (1991). In Wilson, the court exercised its inherent powers by refusing to permit a defendant to take a deposition of a physician because the defendant insurance company violated a law requiring that a copy of a medical examination report be provided to the plaintiff. Other examples of these inherent powers include promulgating reasonable rules regulating litigation, excluding spectators from the courtroom, prohibiting attorneys from disseminating certain information, vacating a judgment upon proof of fraud, barring from the courtroom a disruptive criminal defendant and adopting rules governing the expedited review of cases. Lehnen v. Hines andCompany, 88 Kan. 58 (1912), Schavey v. Roylston 448 P.2d 418
(Ariz. 1968); Shevin v. Thuotte, 339 So.2d 253 (Fl. App. 1976),Hazel-Atlas Glass Company v. Hartford-Empire Company,323 U.S. 328, 88 L.Ed. 1250, 64 S.Ct. 997 (1944); Illinois v. Allen,397 U.S. 337, 25 L.Ed.2d 353, 90 S.Ct. 1057 (1970); United States v.Stemm, 835 F.2d 732 (10th Cir. 1987); Jones v. Menefee,28 Kan. 436 (1882); Schuler v. Collins, 63 Kan. 372 (1901).
Contracting with a collection agency to collect debts owed to the state, the county and crime victims is not associated with managing a court's affairs nor is it necessary to achieve an orderly and expeditious disposition of cases. Court costs and restitution are civil judgments and the state, the county and the crime victim may choose to pursue other collection alternatives which a court initiated contract may foreclose. For example, the state, through its department of administration, and the county may want to open the bidding process for collection services. As far as restitution is concerned, the idea behind it is to make the crime victim whole. State v. Hinckley, 13 Kan. App. 2d 417, 419
(1989). Laws enacted in 1995 suggest that the collection of restitution is a private right belonging to the crime victim by giving the latter the ability to file the award as a civil judgment and requiring the victim to credit any amount received from the restitution award against any subsequent civil recovery. L. 1995, ch. 257, sec. 9-12. Allowing the district court to pay a portion of the restitution award as a collection fee affects the victim's right to collect the entire amount and may reduce the amount a victim could recover against the convicted criminal.
We note that the district court is involved in the collection of court ordered child support which also is a civil judgment. However, this involvement is authorized by statute. K.S.A.23-494, 23-495, 23-496. If a district court is desirous of contracting with a collection agency, it is our opinion that the legislature must authorize such a venture. Once again, we reiterate our support for the collection of these debts and we urge the legislature to consider ways in which this goal can be accomplished whether it be through the district courts or through some other mechanism.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm