Jermaine WILLIAMS, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–3187.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1998.

Decided June 3, 1998.

W. Charles Grace (argued), Office of the
U.S. Attorney, Criminal Division, Fairview
Heights, IL, for plaintiff–appellee.

Frederick J. Hess (argued), Lewis, Rice &
Fingersh, Belleville, IL, for defendant–appel-
lant.

Before FLAUM, EASTERBROOK, and
RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Following his guilty plea to all six counts
of an indictment charging him with drug
offenses, Jermaine Williams was sentenced in
February 1995 to concurrent terms of 97
months' imprisonment. After the enactment
of the Antiterrorism and Effective Death
Penalty Act of 1996 (AEDPA) he sought
relief under 28 U.S.C. § 2255. One count had
charged him with distributing cocaine base
within 1,000 feet of a school, in violation of 21
U.S.C. § 860, and another with the lesser
included offense of distributing cocaine base,
in violation of 21 U.S.C. § 841(a)(1), in the
same transaction. Williams asked the judge
to set aside the greater conviction, contend-
ing that multiple convictions violate the dou-
ble jeopardy clause of the fifth amendment.
The judge vacated the lesser-included convic-
tion but left the other five alone; the sen-
tence was unaffected. Whether vacating
even the § 841 conviction was appropriate,
given Williams' guilty plea, is something we

need not consider, because the United States does not protest. But see *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (plea of guilty waives any right to raise a double jeopardy claim). It is Williams who has appealed, contending that the judge should have vacated all six convictions and resentenced him on the five remaining offenses. Williams contends that when imposing a new sentence the judge would have been required to use the 1997 version of the Sentencing Guidelines, which because of recent changes would have led to a sentence lower than 97 months. Or so Williams submits. We do not consider the argument on the merits, because Williams lacks a certificate of appealability.

After its amendment by the AEDPA, 28 U.S.C. § 2253(c) reads:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Williams wants to contest "the final order in a proceeding under section 2255" and therefore needs a certificate of appealability. Because Williams used the criminal caption and docket number in his notice of appeal and other papers, and never sought a certificate of appealability, our clerk's office did not notice that § 2253(c) applies. When the United States raised the problem in its brief as appellee, Williams replied that under Circuit Rule 22.1(b) his notice of appeal implies a request for the necessary certificate. See also *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir.1997). To this the United States rejoins that his failure to seek the certificate initially from the district court is fatal. We don't see why.

■ Section 2253(c)(1) says that "a circuit justice or judge" may issue the necessary certificate. It does not require an initial application to the district court. Indeed, the difference between the language of § 2253 before and after its amendment by the AEDPA in 1996 could support quite a different conclusion. The final paragraph of the former § 2253 read: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding ... unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." This has been replaced by: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals...." The deletion of any reference to "the justice or judge who rendered the order" could imply that the district judge is no longer entitled to issue a certificate. Yet Fed.R.App.P. 22(b), enacted as part of the AEDPA, includes this language: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." This implies that "circuit justice or judge" in § 2253(c)(1) should be read as "(circuit justice) or judge" rather than "circuit (justice or judge)". The Judicial Conference has recommended that the Supreme Court amend Rule 22 to state explicitly that district judges may issue certificates of appealability in cases under both § 2254 and § 2255, and several courts of appeals have held that they possess this authority as things stand. E.g., *Tiedeman v. Benson,* 122 F.3d 518 (8th Cir.1997); *Hunter v. United States,* 101 F.3d 1565 (11th Cir. 1996) (en banc). Saying that district judges *may* issue certificates of appealability is the most one can do with this language, however; nothing in the statute makes initial resort to the district court essential. True, Circuit Rule 22.1(b) instructs litigants to go to district courts first, and initial application to the district judge is good practice. But a court of appeals is entitled to make exceptions to its norms (see Circuit Rule 2), a power we

lack when interpreting an Act of Congress. Bypassing the district judge may be essential when time is short (as in death penalty litigation) and may be prudent in other cases—such as this one, in which the issue first arose in the appellate briefs. Far better to put the question to a court that has read the briefs and heard oral argument than to toss it back to a district judge who may have forgotten what the fuss is about. So we have the power to issue a certificate—if Williams meets the statutory criterion. But he does not.

■ "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See *Young v. United States*, 124 F.3d 794, 798–99 (7th Cir.1997); *Nuñez v. United States*, 96 F.3d 990 (7th Cir.1996). What constitutional right does Williams invoke? His lawyer candidly conceded at oral argument that, although the district judge has the *power* to resentence on all counts after setting aside one conviction, see *United States v. Smith*, 103 F.3d 531 (7th Cir.1996); *United States v. Shue*, 825 F.2d 1111 (7th Cir.1987), no case holds that there is a constitutional *obligation* to do so. Many a decision simply vacates the lesser-included offense and lets other convictions stand. E.g., *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). Williams observes that we have urged district judges to resentence on all counts if the vacatur of one affects the sentencing package, but § 2253(c)(2) does not permit an appeal based on an argument that district courts should adopt better practices. And if there is no constitutional obligation to resentence on all counts, there is certainly no constitutional obligation to do this when the only end in view is obtaining the benefit of a change between editions of the Guidelines manual. The Sentencing Commission is authorized to make changes retroactive, so that judges may give defendants the benefit of reductions in punishment. 18 U.S.C. § 3582(c)(2). But Amendment 515, the change that Williams wants applied to him, (a) did not involve the drugs-near-a-school statute, and (b) was not made retroactive by the Commission. So Williams hasn't even a claim based

on the Guidelines, let alone on the Constitution. He wants to turn the excess conviction of 1995 into a windfall in 1997, making him better off than he would be had the district judge disregarded the § 841 charge from the get-go, but that is hardly something the Constitution commands.

■ A petitioner might make "a substantial showing of the denial of a constitutional right" by showing that, had his constitutional rights been respected at the time of conviction, the sentence imposed at the time would have been lower. But Williams cannot make a showing of this kind. All of his constitutional rights *were* respected in 1995. Although he uses the language of double jeopardy, convictions for greater and lesser offenses do not violate the double jeopardy clause when there is only one prosecution, and hence only one jeopardy. *Ohio v. Johnson*, 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 343–44, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The constitutional bar against conviction of a lesser included offense arises only *after* a person has been convicted of the greater offense; when both crimes are prosecuted at the same time, the objection to multiple convictions is statutory, as in *Rutledge*, rather than constitutional. Too, Williams does not contend that his sentence would have been lower than 97 months had the § 841 charge been dismissed in 1995. His only argument is that his sentence would have been lower than 97 months had he been sentenced for these five offenses *in 1997*. So the kind of claim that might support a certificate of appealability has not been made out.

The appeal is dismissed.