DENNIS, Circuit Judge:
The Petitioner, Ruben Ramirez Cardenas, appeals the district court’s dismissal of his 28 U.S.C. § 2254 application as an unauthorized successive habeas petition. Under the Antiterrorism and Effective Death Penalty Act, a certificate of appealability (“COA”) is necessary to proceed with this appeal. See 28 U.S.C. § 2253(c)(1) (“Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals....”); see also Resendiz v. Quarterman, 454 F.3d 456, 458 (5th Cir.2006) (“‘[A] district court’s dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required.’ ” (alteration in original) (quoting Sveum v. Smith, 403 F.3d 447, 448 (7th Cir.2005))).
However, the district court did not rule upon whether a COA is warranted, and “the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.” Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir.1998); see also Brewer v. Quarter-man, 475 F.3d 253, 255 (5th Cir.2006) (per curiam) (“A district court must deny the COA before a petitioner can request one from this court. A request for COA must be filed in the district court before such a request can be made in the circuit court.” (internal quotation marks omitted)); Miller v. Dretke, 404 F.3d 908, 912 (5th Cir. 2005) (“Under Federal Rule of Appellate Procedure 22(b)(1), the district court must first decide whether to grant a COA request before one can be requested here.”); Sonnier v. Johnson, 161 F.3d 941, 946 (5th Cir.1998) (“[T]he lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.”); United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir.1997) (“Under Muniz [v. Johnson, 114 F.3d 43, 45 (5th Cir.1997) ], jurisdiction is not vested in this Court because the district court has not *444 yet considered whether [a] COA should issue.”); Muniz, 114 F.3d at 45 (“A district court must deny the COA before a petitioner can request one from this court.”). Accordingly, we lack jurisdiction to consider this appeal and therefore, we must remand to the district court to consider in the first instance whether to grant or deny a COA.
It does not affect our judgment that the jurisdictional rule laid down in the cases cited is grounded in a portion of Rule 22 of the Federal Rules of Appellate Procedure that was removed in 2009. See Supreme Court Order of March 26, 2009, available at http://www.supremecourt.gov/orders/ courtorders/frap09.pdf. That provision read: “If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue.” Fed. R.App. P. 22(b) (2008).[1] This appeal was commenced before the 2009 amendments were effective, and these amendments apply to pending appeals, such as this, only “insofar as just and practicable.” See Supreme Court Order of March 26, 2009. We conclude that it would not be just and practicable to apply the amended rules in this case.[2] At the time this case was heard and decided in the district court, the rules preceding the 2009 amendments were still in effect — that is, the pertinent rule was found in Rule 22 of the Federal Rules of Appellate Procedure and was not, as it is now, consolidated with the other Rules Governing Section 2254 Cases. Accordingly, the parties and the district court did not have the benefit of the 2009 amendments. Further, the parties have not briefed whether the 2009 amendments affect our jurisdictional rule based on former Rule 22. Therefore, we conclude that this case is governed by Rule 22 of the Federal Rules of Appellate Procedure as it existed before the 2009 amendments.
Our precedents have held, unequivocally, that under former Rule 22, “the lack of a ruling on a COA in the district couH causes this court to be without jurisdiction to consider the appeal.” Sonnier, 161 F.3d at 946 (emphases added); see also Brewer, 475 F.3d at 255; Whitehead, 157 F.3d at 388; Youngblood, 116 F.3d at *445 1115.[3] That is, our cases have all said that it is the absence of a ruling on the COA in the district court, and not merely the absence of a COA itself, which deprives us of appellate jurisdiction. In Muniz, we explained the sensible rationale for having the district courts first decide whether a COA should issue:
The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court’s determination in its own decisionmaking.
[W]e are cognizant of the district court’s superior familiarity with this habeas petition. Its considerable experience with this case should allow it accurately to determine which issues satisfy the COA requirement.
114 F.3d at 45. While Muniz dealt with a slightly different scenario than this case— the district court there had issued a Certificate of Probable Cause, which, unlike a COA, did not require the court to specify particular issues for appeal, and “deciding the COA issue ourselves risk[ed] inconsistent adjudication,” id. — our subsequent decisions in Youngblood, Whitehead, Sonnier, and Brewer all involved the same situation presented here, viz., whether we can rule on an application for a COA in the first instance. See Brewer, 475 F.3d at 255; Whitehead, 157 F.3d at 388; Sonnier, 161 F.3d at 945-46; Youngblood, 116 F.3d at 1115. All of those decisions concluded that the absence of a prior determination by the district court on whether a COA should issue posed a jurisdictional bar to this court’s consideration of whether to grant or deny a COA. Brewer, 475 F.3d at 255; Whitehead, 157 F.3d at 388; Sonnier, 161 F.3d at 945-46; Youngblood, 116 F.3d at 1115. Accordingly, we are bound by those decisions to reach the same conclusion. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999) (“It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel’s decision.” (citing Billiot v. Puckett, 135 F.3d 311, 316 (5th Cir.1998))).
*446 The Respondent contends that we can apply Rule 2 of the Federal Rules of Appellate Procedure to avoid the jurisdictional requirement of former Rule 22. We disagree. Rule 2 allows “a court of appeals ... [to] suspend any provision of the[] [Federal Rules of Appellate Procedure] in a particular case.” Fed. R.App. P. 2. However, the Respondent cites no authority, and we are aware of none, that has held that Rule 2 allows us to suspend a jurisdictional requirement of the Federal Rules of Appellate Procedure. Indeed, in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court addressed a closely related question and held that “[a court of appeals] may not waive the jurisdictional requirements of Rules 3 and 4 [of the Federal Rules of Appellate Procedure], even for ‘good cause shown’ under Rule 2, if it finds that they have not been met.” Id. at 317, 108 S.Ct. 2405. Likewise, at least two of our sister courts of appeals have held that Rule 2 does not permit avoiding jurisdictional requirements. See, e.g., Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 587 n. 9 (3d Cir.1999) (‘We are, of course, mindful of the fact that the authority of Rule 2 cannot be utilized to expand the jurisdiction of the Court.” (citing Torres, 487 U.S. at 315, 108 S.Ct. 2405)); Dura Sys., Inc. v. Rothbury Invs., Ltd., 886 F.2d 551, 555 (3d Cir.1989) (citing Torres, 487 U.S. at 317, 108 S.Ct. 2405, for the proposition that “jurisdictional requirements may not be waived, even for ‘good cause shown’ under Rule 2”); United States v. Stemm, 835 F.2d 732, 734 (10th Cir.1987) (“We interpret [Rule 2] to establish the basis of expedited proceedings in appropriate cases, excepting any action affecting appellate court jurisdiction.”). The several cases cited by the Respondent are all inapposite because they did not involve the application of Rule 2 to suspend a jurisdictional rule. See United States v. Mitchell, 216 F.3d 1126, 1130 (D.C.Cir. 2000) (holding first that Rule 22 was not a jurisdictional requirement, and then relying on Rule 2 to avoid former Rule 22 and consider the COA despite the fact that the district court had not first ruled on it); United States v. Sylvester, 143 F.3d 923, 935 n. 12 (5th Cir.1998) (relying on Rule 2 to construe an argument that had been raised by only one defendant-appellant as having been adopted by a co-defendant-appellant); Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1161-63 (5th Cir. 1969) (upholding “this Court’s power under FRAP Rule 2 to summarily dispose of the appeal” without oral argument). Accordingly, we remain unpersuaded that Rule 2 allows us to avoid the jurisdictional requirement of former Rule 22.
The decisions of the other circuits that have considered a COA without a prior ruling by the district court are similarly inapposite because those circuits did not have binding precedent, as we do, that a COA ruling by the district court was a prerequisite to the appellate court’s jurisdiction. See Sassounian v. Roe, 230 F.3d 1097, 1101 n. 1 (9th Cir.2000); Mitchell, 216 F.3d at 1130; Williams v. United States, 150 F.3d 639, 640-41 (7th Cir.1998). Moreover, the Seventh Circuit’s decision in Williams and the Ninth Circuit’s decision in Sassounian involved suspending only a local circuit rule, and not one of the congressionally-approved Federal Rules of Appellate Procedure.[4] In Williams, the *447 Seventh Circuit itself noted that this difference was crucial to its decision: “[A] court of appeals is entitled to make exceptions to its norms (see Circuit Rule 2), a power we lack when interpreting an Act of Congress.” 150 F.3d at 640^41 (emphasis added). And, in avoiding its own local rule, the Ninth Circuit in Sassounian relied exclusively on the Seventh Circuit’s Williams decision. See Sassounian, 230 F.3d at 1101 n. 1. Therefore, neither of those decisions purport to address the question here: whether we have the authority under Rule 2 to avoid a jurisdictional rule established by one of the Federal Rules of Appellate Procedure.
For the foregoing reasons, we REMAND the case to the district court for the limited purpose of considering whether a COA should issue.

. As part of the 2009 amendments, the requirement that the district court first decide whether to grant or deny a COA was moved from Rule 22 of the Federal Rules of Appellate Procedure to Rule 11(a) of the Rules Governing § 2254 Cases. See Fed. R.App. P. 22 advisory committee's note to 2009 amendments; Rule 11(a), Rules Governing Section 2254 Cases, 28 U.S.C.A. foil. § 2254 (2011) (“The district must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.”). The Federal Rules Advisory Committee noted that the purpose of consolidating the rule among the other federal rules for habeas cases was to: (1) "make[] the requirements concerning COAs more prominent by adding and consolidating them in the appropriate rule of the Rules Governing § 2254 Cases in the United States District Courts,” and (2) “required the district judge to grant or deny the certificate at the time a final order is issued.” Rule 11, Rules Governing Section 2254 Cases, advisory committee’s note to 2009 amendments.

. It is not clear that applying the amended rules would affect our decision that we are without jurisdiction to consider whether to grant or deny a COA in the first instance. Even after the 2009 amendments became effective, another panel of this court decided to follow this well-established jurisdictional rule of our circuit. See United States v. Fisher, 372 Fed.Appx. 526, 528 (5th Cir.2010) (per curiam) (unpublished) ("[T]his court lacks jurisdiction over Fisher's appeal absent a certificate of appealability (COA) ruling in the district court.” (citing Youngblood, 116 F.3d at 1114-15)). However, because we conclude that the former version of Rule 22 governs this case, we need not decide whether the 2009 amendments affect our jurisdictional rule.

. The dissent acknowledges, as it must, that “under Rule 22, the lack of a district court determination [on a COA] does indeed cause us to be without jurisdiction,” but, nonetheless contends that “that proposition does not require us to assume that Rule 22 creates an independent jurisdictional bar.” Dissent Op. 451. The dissent avoids the fact that all of our prior cases have specified that it was the lack of a ruling on the COA in the district court, and not simply the lack of a COA, that deprives us of jurisdiction. Brewer, 475 F.3d at 255 ("A district court must deny the COA before a petitioner can request one from this court. A request for COA must be filed in the district court before such a request can be made in the circuit court.” (emphasis added) (internal quotation marks omitted)); Miller, 404 F.3d at 912 ("Under [Rule] 22(b)(1), the district court must first decide whether to grant a COA request before one can be requested here.” (emphasis added)); Sonnier, 161 F.3d at 946 ("[T]he lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.” (emphasis added)); "Whitehead, 157 F.3d at 388 (“[T]he lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.” (emphasis added)); Youngblood, 116 F.3d at 1115 ("Under Muniz, jurisdiction is not vested in this Court because the district court has not yet considered whether [a] COA should issue.” (emphasis added)); Muniz, 114 F.3d at 45 (“A district court must deny the COA before a petitioner can request one from this court.” (emphasis added)). If the dissent is correct then it is inexplicable why, in all of those prior cases we held that we lacked jurisdiction and thus, had to remand to the district court, when we could have simply decided the COA ourselves in the first instance.

. When the Supreme Court promulgates the Federal Rules of Appellate Procedure pursuant to 28 U.S.C. § 2072, it must transmit them to Congress. See 28 U.S.C. § 2074. Congress, in turn, signals its approval of the Supreme Court’s proposed rules by inaction. See David D. Siegel, Submitting the Rules to Congress, Commentary on 1988 Revision to 28 U.S.C. § 2074 ("The procedure for Congressional approval remains passive. Inertia *447 means approval. If Congress does nothing within the seven-month period stipulated by the statute, the new rules go into effect.”).