EMILIO M. GARZA, Circuit Judge,
dissenting.
This case is about our jurisdiction to grant or deny a certificate of appealability when a district court has failed to grant or deny one first. Under Rule 22 of the Federal Rules of Appellate procedure — or at least, under the version of the Rule in effect when this appeal began — “the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.” Sonnier v. Johnson, 161 F.3d 941, 946 (5th Cir.1998). On this much, the majority and I agree. But the majority takes that rule to mean that a prior district court COA ruling is a jurisdictional requirement in and of itself — a requirement that cannot be remedied by suspending Rule 22 and issuing our own COA. As I read our cases, Rule 22 does not establish an independent jurisdictional bar, but rather prevents us from remedying a preexisting jurisdictional defect — the lack of a COA. I would exercise our authority under Rule 2 of the Rules of Appellate Procedure to suspend the relevant portion of Rule 22 and would deny COA. I therefore must dissent.
I
The facts of this case are discussed extensively elsewhere. In short, Ruben Ramirez Cárdenas (“Ramirez Cárdenas”) was arrested and questioned regarding the murder of his cousin, Mayra Laguna. Although Ramirez Cárdenas is a Mexican national, he was not informed that he had a right to consular access under the Vienna Convention on Consular Relations (“VCCR”). He was convicted of capital murder and sentenced to death. His conviction and sentence were affirmed, and his initial state application for habeas corpus was denied. Cárdenas v. State, 30 S.W.3d 384 (Tex.Crim.App.2000); Ex parte Cárdenas, No. 48,728-01 (Tex.Crim.App. May 16, 2001) (per curiam) (unpublished). He then filed his initial federal application for writ of habeas corpus, which included an ineffective assistance of counsel claim alleging that trial counsel erred in failing to raise the potential VCCR violation. The petition was dismissed. Cárdenas v. Cockrell, No. 7:02-CV-180, 2003 WL 24057305, at *14-15 (S.D.Tex. Sept. 25, 2003).
Ramirez Cárdenas was included among the Mexican nationals named in a case brought by Mexico against the United States in the International Court of Justice (“IC J”) alleging numerous violations of the VCCR. Case Concerning Avena & Other Mexican Nat’ls (Mex. v. U.S.), 2004 I.C.J. 12 (March 31) (“Avena”). The ICJ held *448 that the United States had violated its VCCR obligations with regard to Ramirez Cárdenas and fifty others. Id. ¶¶ 90, 106. The ICJ concluded that the “appropriate reparation ... consists in the obligation of the United States of America to provide, by means of its own choosing, review and reconsideration of the convictions and sentences of the Mexican nationals” named in the judgment. Id. ¶ 153(9). In response, President George W. Bush issued a memorandum (“the President’s Memorandum”) stating that he had determined, pursuant to his authority as President, that the United States would discharge its obligations under Avena by having state courts “give effect to the decision in accordance with general principles of comity in cases filed by the 51 Mexican nationals addressed in that decision.”
At the time, Ramirez Cárdenas’s request for a COA from the district court’s denial of his initial habeas petition was pending in this court. We affirmed the denial of habeas relief and denied a COA on his VCCR claim, concluding that Ramirez Cárdenas’s claim was without merit because the VCCR did not give rise to individually enforceable rights. Cárdenas v. Dretke, 405 F.3d 244, 252-54 (5th Cir.2005). Ramirez Cárdenas sought subsequent state habeas relief, but his application was dismissed as successive. He then filed the federal petition at issue in this case, citing Avena and the President’s Memorandum. While the petition was pending, the Supreme Court issued its opinion in Medellin v. Texas, rejecting arguments that either Avena or the President’s Memorandum constitute binding domestic law capable of pre-empting state procedural requirements. 552 U.S. 491, 522-23, 532, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008). Shortly thereafter, the U.S. Attorney General and Secretary of State wrote to the Governor of Texas requesting that Texas take the steps necessary to give effect to Avena. The Governor sent a letter of reply detailing the State’s approach to Avena issues.
The district court dismissed Ramirez Cárdenas’s petition for lack of jurisdiction because Ramirez Cárdenas had failed to obtain permission to file a successive petition. Ramirez Cárdenas filed a notice of appeal to this court. Thereafter, the ICJ issued a judgment (1) declining Mexico’s request for interpretation of its ruling in Avena, (2) finding that the United States violated its Avena obligations with regard to the prisoner at issue in Medellin, (3) reaffirming the binding nature of Avena, and (4) declining to order the United States to provide guarantees of non-repetition. Request for Interpretation of the Judgment of 31 March 200k in the Case Concerning Avena & Other Mexican Nat’ls (Mex. v. U.S.), Judgment, ¶61(1)-(4) (Jan. 19, 2009), available at http://www.icjcij.org/docket/files/139/14939.pdf. Several months later, we issued our opinion in Leal Garcia v. Quarterman, 573 F.3d 214 (5th Cir.2009), addressing many of the issues raised here.
II
The majority is correct that we do not have jurisdiction to consider the merits of this appeal. “[UJntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.” Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); see also Carty v. Thaler, 583 F.3d 244, 266 (5th Cir.2009); Holland v. Anderson, 583 F.3d 267, 285 n. 13 (5th Cir.2009). “‘[A] district court’s dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required.’ ” *449 Resendiz v. Quarterman, 454 F.3d 456, 458 (5th Cir.2006) (per curiam) (quoting Sveum v. Smith, 403 F.3d 447, 448 (7th Cir.2005)). When this case came to us, then, we lacked appellate jurisdiction to consider it on the merits — just as we would have if the district court had denied a COA.
The question before us at the moment, though, is not whether we have jurisdiction to consider the case on the merits, but whether we have jurisdiction to consider whether a COA should issue. It has always been the case that, even where we lack jurisdiction to consider an appeal on the merits, we retain jurisdiction to determine our own jurisdiction. See Martin v. Halliburton, 618 F.3d 476, 481 (5th Cir.2010) (citing Henry v. Lake Charles Am. Press, L.L.C., 566 F.3d 164, 169 (5th Cir.2009)). Similarly, the absence of a district court grant of a COA does not prevent us from considering whether to grant a COA ourselves. See 28 U.S.C. § 2253(c)(1) (permitting a “circuit justice or judge” to grant a COA). As the majority rightly points out, though, we have held that the district court’s failure to consider a COA — that is, its failure to rule one way or the other — prevents us from doing so ourselves. See, e.g., Brewer v. Quarterman, 475 F.3d 253, 255 (5th Cir.2006) (per curiam); Sonnier v. Johnson, 161 F.3d 941, 945-46 (5th Cir.1998) (per curiam); Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir.1998) (per curiam); United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir.1997) (per curiam). None of the cases on which the majority relies, however, address whether Rule 2 of the Rules of Appellate Procedure might, in select circumstances, permit us to suspend the requirement that the district court make the initial COA determination and make our own COA ruling instead.[1]
The majority does not seem to dispute that, under our precedents, the prior consideration requirement is — or, at least until recently,[2] was — a feature of the Rules of Appellate Procedure, specifically Rule 22. The requirement would therefore seem to fall within the textual scope of Rule 2. The majority nevertheless concludes that Rule 2 is not available because the district *450 court’s failure to rule on the COA presents a jurisdictional bar, and Rule 2 does not permit us to suspend a jurisdictional requirement. Based on my review of our case law, however, whether the “prior district court consideration” requirement is jurisdictional is not the open-and-shut case the majority makes it out to be. Our precedents recognizing this requirement can be traced to Muniz v. Johnson, in which we interpreted the version of Rule 22 in effect at the time to require that:
A district court must deny the COA before a petitioner can request one from this court. The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court’s determination in its own decisionmaking.
114 F.3d 43, 45 (5th Cir.1997). We listed three reasons, other than the text of Rule 22; for our holding: first, that “deciding the COA issue ourselves risks inconsistent adjudication,” because the district court had already acted under pre-AEDPA certificate of probable cause (“CPC”) procedures and our consideration of the same issues under the rubric of a COA might create a conflict; next, that the district court possessed “superior familiarity with th[e] habeas petition” in light of “[i]ts considerable experience with th[e] case;” and finally, “that two of our sister circuits [ (the Seventh and Sixth) ] ha[d] taken the same action in almost identical situations.” Id. at 45-46. None of the rationales so much as mention our jurisdiction.
The language of jurisdiction, however, did quickly find its way into our jurisprudence on this issue. In Whitehead v. Johnson, for example, the district court dismissed the prisoner’s application for failure to exhaust state remedies and denied his request for a COA; we reversed the holding that he failed to exhaust his state claim, and we remanded for reconsideration on the merits, observing that we had appellate “jurisdiction to consider whether to grant or deny a COA on the issue of exhaustion only, because that is the only issue addressed in the district court’s COA determination.” 157 F.3d at 386-88. And, of course, we issued the numerous opinions relied upon by the majority suggesting that the lack of a district court COA ruling causes us to be without jurisdiction. See Sonnier, 161 F.3d at 945-46 (“Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.”); Whitehead, 157 F.3d at 388 (“Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.”); Youngblood, 116 F.3d at 1115 (5th Cir.1997) (“[Jjurisdiction is not vested in this Court because the district court has not yet considered whether [a] COA should issue.”).
The majority reads these cases as unequivocal declarations that a prior district court COA determination is a jurisdictional requirement. But, as Sonnier and Whitehead make clear, it is “the COA requirement of 28 U.S.C. § 2253(c) [that] is jurisdictional.” Sonnier, 161 F.3d at 945-46; Whitehead, 157 F.3d at 388. The requirement of a prior district court COA determination is not a feature of § 2253(c), but Rule 22. Moreover, we do not need to assume that the prior consideration requirement of Rule 22 is itself jurisdictional to conclude that it causes us to lack jurisdiction. A non-jurisdictional rule may cause us to lack jurisdiction by preventing us from remedying a preexisting jurisdictional defect. Whenever the district court *451 has failed to consider a COA, it has, by definition, also failed to grant a COA. Therefore, when the case comes to us, we are jurisdictionally barred from considering it on the merits. That bar could be lifted by the issuance of a COA — but Rule 22 prevents us from doing so because the district court has not ruled first. Thus, under Rule 22, the lack of a district court determination does indeed cause us to be without jurisdiction. But that proposition does not require us to assume that Rule 22 creates an independent jurisdictional bar.
The question, then, is whether Rule 2 allows us to take Rule 22 out of the equation. In Williams v. United States, the Seventh Circuit considered a similar situation under its own circuit rules. 150 F.3d 639 (7th Cir.1998). Seventh Circuit Rule 22.1 required prisoners to seek a COA in the district court before seeking it from the Court of Appeals. Id. at 640. Due to a clerk’s office oversight, however, no COA ruling was made in the district court. The court chose to make an exception from its usual requirements, writing:
Section 2253(c)(1) says that “a circuit justice or judge” may issue the necessary certificate. It does not require an initial application to the district court.... True, Circuit Rule 22.1(b) instructs litigants to go to district courts first, and initial application to the district judge is good practice. But a court of appeals is entitled to make exceptions to its norms (see Circuit Rule 2), a power we lack when interpreting an Act of Congress. Bypassing the district judge may be essential when time is short (as in death penalty litigation) and may be prudent in other cases — such as this one, in which the issue first arose in the appellate briefs. Far better to put the question to a court that has read the briefs and heard oral argument than to toss it back to a district judge who may have forgotten what the fuss is about. So we have the power to issue a certificate — if Williams meets the statutory criterion.
Id. at 640-41. The same reasoning was adopted by the Ninth Circuit under its rules. Sassounian v. Roe, 230 F.3d 1097, 1101 n. 1 (9th Cir.2000) (considering whether to grant a COA at appellate level, despite Circuit Rule preference for prior district court consideration); cf. Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir.2010) (considering whether to grant COA sua sponte after overruling circuit precedent that had led to no COA decision being made below), overruled on other grounds by Swarthout v. Cooke, — U.S. -, 131 S.Ct. 859, 862-63, 178 L.Ed.2d 732 (2011); Wilson v. Belleque, 554 F.3d 816, 826-28 (9th Cir.2009) (holding that the court can rule on a COA despite the district court not having ruled first).
Although the Seventh and Ninth Circuits were operating pursuant to their own circuit rules, their reasoning is no less applicable under the Rules of Appellate Procedure generally. In United States v. Mitchell, the D.C. Circuit relied on Rule 2 to consider whether to grant a COA, despite the fact that the-district court had not yet done so. 216 F.3d 1126, 1130 (D.C.Cir.2000). In reasoning similar to the Seventh Circuit’s, the court cited the “late stage in the proceedings” as a justification for suspending the usual rule that a district court must pass on a COA request before a circuit court may consider it. Id. That decision was permissible, the court argued, because “any defect in procedure occasioned by the appellant’s failure to make application in this case is not jurisdictional, given the language of 28 U.S.C. § 2253(c)(1), and Rule 22(b)(2).” Id.; see also Madley v. U.S. Parole Comm’n, 278 F.3d 1306, 1310-11 (D.C.Cir.2002) (declining to remand despite lack of a district court COA ruling and denying COA). I *452 agree with our sister circuits and would hold that the requirement that the district court make a COA determination before we do is a non-jurisdictional procedural requirement based in the Rules of Appellate Procedure.
Ill
Of course, simply because we can invoke Rule 2 does not mean that we should. Usually, we should not. We have acknowledged, though, that for select cases — such as those where “time is truly of the essence” and “important public policy issues are involved” — Rule 2 “recognizes the need for special handling.” Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1161-62 (5th Cir.1969). Rule 2 may be especially appropriate where “the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous.” Id. at 1162.
Remanding the case merely for a COA determination now would needlessly contribute to an already lengthy delay. Moreover, the question of whether a COA should issue is easily resolved in light of recent precedents. Ramirez Cárdenas argues that the district court erred in dismissing his application as successive and that he is entitled to relief for the State’s violation of his VCCR claim. “[Wjhen the district court denies a habeas petition on procedural grounds without reaching the prisoner’s underlying constitutional claim, a COA should issue ... if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The parties agree that the district court’s procedural ruling was at least likely erroneous in light of our decision in Leal Garcia. 573 F.3d at 224 (holding that application raising claims under Avena and the President’s Memorandum was not successive to initial application raising only consular access claim). Whether Ramirez Cárdenas is entitled to a COA, therefore, depends on whether jurists of reason would find it at least debatable whether he has stated a valid claim of the denial of a constitutional right.
Respondent argues that Ramirez Cardenas’s claims are foreclosed by Leal Garcia, in which we held, pursuant to facts highly similar to those here, that Medellin left no room for relief in a federal habeas application based on Avena or the President’s Memorandum. 573 F.3d at 224. Ramirez Cárdenas argues that our ruling in Leal Garcia is not determinative for three reasons: first, because the prisoner in that case did not explicitly seek a stay of proceedings in order to give the United States and the State of Texas time to pass implementing legislation bringing the United States into compliance with the YCCR and Avena; second, because our opinion in Leal Garcia does not address the effect, if any, of the Governor’s letter to federal authorities; and third, because Leal Garcia did not account for the ICJ’s January 19, 2009 judgment.
Each of these grounds for distinguishing the cases, however, is without merit. We decided Leal Garcia on the ground that
[t]he Supreme Court’s decision in Medellin v. Texas [ ] has deprived the Avena decision and the Bush declaration of whatever legal force Leal might claim they ever had. Leal cannot now argue that Texas was required to review his case because Medellin v. Texas foreclosed this contention by holding that nei *453 ther the ICJ nor President Bush had authority to order the State to conduct such a review.
573 F.3d at 224 (footnotes omitted). Whether or not Ramirez Cárdenas requested a stay of proceedings is not relevant to the applicability of the substantive holdings of Medellin and Leal Garcia. See Leal Garcia v. Texas, — U.S. -, 131 S.Ct. 2866, 2867, 180 L.Ed.2d 872 (2011) (per curiam) (“Our task is to rule on what the law is, not what it might eventually be.”). Similarly, neither the ICJ’s 2009 ruling nor the Governor’s July 2008 letter alter the substance of the Supreme Court’s ruling, in Medellin, regarding the State’s obligations under domestic law. Accordingly, the issues in this case are fully resolved by our precedent in Leal Garcia. Ramirez Cárdenas has therefore failed to meet the requirements for issuance of a COA under Slack
IV
The majority reads our cases as establishing an independent jurisdictional bar, based in Rule 22, that prevents us from considering whether a COA should issue unless the district court has ruled on the COA first. It does so because a number of our cases have stated that the lack of a district court ruling caused use to lose our jurisdiction. But the majority, in my view, has misunderstood the mechanism by which that causation occurs. If the Rule 22 prior consideration requirement is enforced, it will indeed cause us to be without jurisdiction — because it will result in the absence of a COA. But the absence of a COA is what creates a jurisdictional bar, not Rule 22 itself. Therefore, in light of the substantial delay in this case and the relatively straightforward nature of the legal issues raised, I would invoke Rule 2 to suspend Rule 22 and would deny COA. I therefore dissent.

. Rule 2 permits a court of appeals "to expedite its decision or for other good cause[] suspend any provision of [the Rules of Appellate Procedure] in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b).”

. The Rule 22 language relied upon by Muniz was removed by an amendment to the Rules of Appellate Procedure effective December 1, 2009. See Supreme Court Order of March 26, 2009. At the same time, however, the Supreme Court added a new version of Rule 11 to the Rules Governing § 2254 Cases ("Habeas Rule 11”), which requires, inter alia, that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.” The advisory committee note to Rule 22 explains the relationship between the two amendments as follows: "The requirement that the district judge who rendered the judgment either issue a certificate of appealability or state why a certificate should not issue has been deleted from subdivision (b)(1). Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254 or § 2255 now delineates the relevant requirement.” It would seem, then, that at the very least the source of the prior consideration requirement has changed since Ramirez Cárdenas first filed this appeal in 2008. Nevertheless, I agree with the majority that we should apply the version of Rule 22 in effect prior to the 2009 amendments. The amendments apply to pending cases only "insofar as just and practicable.” Supreme Court Order of March 26, 2009; see also 28 U.S.C. § 2074(a). It would be unjust and impracticable to change, at so late a date, the procedural framework on which the parties relied. Like the majority, I express no opinion with regard to the effect of these amendments on the continued vitality of the Muniz line of cases.