# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2025

Lyle W. Cayce
Clerk

No. 24-20574
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERMAINE COMEAUX,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-208

Before HAYNES, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jermaine Comeaux, federal prisoner # 73977-379, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release and the dismissal in part of that motion for lack of jurisdiction. He argues that the district court erred in finding that he failed to demonstrate extraordinary and

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

compelling reasons warranting compassionate release and in construing his motion as an unauthorized successive 28 U.S.C. § 2255 motion.

Comeaux renews his arguments that his overly severe sentence created an unwarranted sentencing disparity with his codefendant amounting to an extraordinary and compelling circumstance, that his sentence was the result of multiple guidelines calculation errors, and that his sentence is unfair in light of developments in sentencing following the enactment of the First Step Act of 2018 and changes to the Guidelines. However, he fails to specify what provision of the First Step Act applies to his case, nor does he point to any specific amendment to the Guidelines that affects his sentence. Comeaux has therefore abandoned the claim by failing to adequately brief it. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Inasmuch as he also argues, for the first time on appeal, that his sentence violates the First and Eighth Amendments and that compassionate release was warranted based on certain exculpatory evidence, we will not consider the newly raised claims. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

The district court did not err in concluding that Comeaux failed to demonstrate extraordinary and compelling reasons warranting compassionate release. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023); *see also* U.S.S.G. § 1B1.13(b), p.s. Comeaux has thus not shown that the denial of his § 3582(c)(1)(A) motion was an abuse of discretion. *See Escajeda*, 58 F.4th at 186.

Comeaux requires a certificate of appealability (COA) to appeal the dismissal of his motion as an unauthorized successive § 2255 motion. *See Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011); *see also United States v. Vialva*, 904 F.3d 356, 359 (5th Cir. 2018). Although he has not moved for a COA in this court, his notice of appeal is construed as a COA request. *See*

Fed. R. App. P. 22(b)(2).  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which in turn requires him to show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court was not obligated to treat Comeaux's pleading as a § 3582(c) motion simply because he labeled it as such.  *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).  To the extent that Comeaux argued that the district court erred in its guidelines calculations, his motion challenged the legality or duration of his sentence, which challenge may not be brought in a § 3582(c)(1)(A) motion and must instead be brought in a § 2255 motion.  *See Escajeda*, 58 F.4th at 187; *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Comeaux has filed a prior unsuccessful § 2255 motion, and, in the absence of authorization from this court, the district court lacked jurisdiction to consider a successive § 2255 motion.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Parker*, 927 F.3d 374, 378-79 (5th Cir. 2019).  Thus, reasonable jurists would not find the district court's construction of the motion for compassionate release as an unauthorized successive § 2255 motion or its partial dismissal for lack of jurisdiction debatable.  *See Slack*, 529 U.S. at 484.

In light of the foregoing, the district court's judgment is AFFIRMED, and a COA is DENIED.